Daniel J. O'Connor, Jr., Bar No. 010081
Justin D. Holm, Bar No. 025202
**O'CONNOR & CAMPBELL, P.C.**
7955 South Priest Drive
Tempe, AZ 85284
daniel.oconnor@occlaw.com
justin.holm@occlaw.com
602-241-7000
*Attorneys for Defendants*

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Mussalina Muhaymin as Personal Representative of the Estate of Muhammad Abdul Muhaymin Jr.,<br><br>Plaintiff,<br><br>vs.<br><br>City of Phoenix, an Arizona Municipal Corporation; Antonio Tarango; Officer Oswald Grenier; Officer Kevin McGowan; Officer Jason Hobe; Officer Ronaldo Canilao; Officer David Head; Officer Susan Heimbinger; Officer James Clark; Officer Dennis Lerous; Officer Ryan Nielson; Officer Steven Wong; and Doe Supervisors 1-5,<br><br>Defendants. | Case No.: CV-17-04565-PHX-SMB<br><br>**DEFENDANTS' ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL** |

Defendants City of Phoenix, Antonio Tarango, Oswald Grenier, Kevin McGowan, Jason Hobel, Ronaldo Canilao, David Head, Susan Heimbigner, James Clark, Dennis Leroux, Ryan Nielsen, and Steven Wong (collectively the "Phoenix Defendants"), through undersigned counsel, for their Answer to plaintiff's First Amended Complaint, admit, deny, and affirmatively allege as follows:

## JURISDICTION AND VENUE

1. Phoenix Defendants admit the allegations in paragraphs 1, 2, and 3 of plaintiff's First Amended Complaint.

## PARTIES

2. Phoenix Defendants lack sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 4 of plaintiff's First Amended Complaint and therefore deny all the allegations in this paragraph.

3. Phoenix Defendants deny paragraph 5 of plaintiff's First Amended Complaint.

4. Phoenix Defendants lack sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraphs 6, 7, and 8 of plaintiff's Complaint and therefore deny all the allegations in these paragraphs.

5. Regarding paragraph 9 of plaintiff's First Amended Complaint, Phoenix Defendants admit the named individuals are officers with the City of Phoenix Police Department. The Phoenix Defendants affirmatively assert the remaining allegations of this paragraph call for legal conclusions. To the extent the Court believes these allegations require a response, Phoenix Defendants deny the same and demand strict proof thereof.

6. Phoenix Defendants lack sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 10 of plaintiff's First Amended Complaint and therefore deny all the allegations in this paragraph.

7. Regarding paragraph 11 of plaintiff's First Amended Complaint, Phoenix Defendants admit Tarango is a city employee with the City of Phoenix Parks Department. The Phoenix Defendants affirmatively assert the remaining allegations of this paragraph call for legal conclusions. To the extent the Court

believes these allegations require a response, Phoenix Defendants deny the same and demand strict proof thereof.

8. Regarding paragraph 12 of plaintiff's First Amended Complaint, Phoenix Defendants admit the City of Phoenix is an Arizona municipality. The Phoenix Defendants affirmatively assert the remaining allegations of this paragraph call for legal conclusions. To the extent the Court believes these allegations require a response, Phoenix Defendants deny the same and demand strict proof thereof.

## NOTICE OF CLAIM

9. Regarding paragraphs 13, 14, and 15 of plaintiff's First Amended Complaint, Phoenix Defendants acknowledge the Court has considered plaintiff's Notice of Claim and determined its validity. To the extent the Court believes these allegations require a response, Phoenix Defendants admit them.

## FACTS COMMON TO ALL COUNTS

### The Decedent & His Service Dog

10. Phoenix Defendants lack sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 1 of plaintiff's First Amended Complaint and therefore deny all the allegations in this paragraph.[1]

11. Phoenix Defendants deny paragraph 2 of plaintiff's First Amended Complaint.

### The Community Center Incident

12. Regarding paragraphs 3 and 4 of plaintiff's First Amended Complaint, Phoenix Defendants admit Muhaymin and Chaquita were at the Maryvale

---

[1] Plaintiff's First Amended Complaint inexplicably begins numbering its paragraphs anew with its Facts Common to All Counts section. To avoid confusion regarding their answers, the Phoenix Defendants will mirror plaintiff's numbering system and section labels.

Community Center on January 4, 2017. The Phoenix Defendants deny the remaining allegations of these paragraphs and demand strict proof thereof.

13. Phoenix Defendants deny paragraphs 5 and 6 of plaintiff's First Amended Complaint.

### **The False Report to Police**

14. Regarding paragraph 7 of plaintiff's First Amended Complaint, Phoenix Defendants admit the Phoenix Police Department was called. The Phoenix Defendants deny the remaining allegations of this paragraph and demand strict proof thereof.

15. Phoenix Defendants deny paragraph 8 of plaintiff's First Amended Complaint.

16. Regarding paragraph 9 of plaintiff's First Amended Complaint, Phoenix Defendants admit police officers responded to the call. The Phoenix Defendants deny the remaining allegations of this paragraph and demand strict proof thereof.

17. Regarding paragraph 10 of plaintiff's First Amended Complaint, Phoenix Defendants admit a responding officer spoke with Tarango. The Phoenix Defendants deny the remaining allegations of this paragraph and demand strict proof thereof.

18. Regarding paragraph 11 of plaintiff's First Amended Complaint, Phoenix Defendants admit responding officers spoke with Muhaymin. The Phoenix Defendants deny the remaining allegations of this paragraph and demand strict proof thereof.

19. Phoenix Defendants deny paragraphs 12, 13, 14, 15, and 16 of plaintiff's First Amended Complaint.

20. Regarding paragraph 17 of plaintiff's First Amended Complaint, Phoenix Defendants admit Muhaymin was allowed to use the Community Center restroom. The Phoenix Defendants deny the remaining allegations of this paragraph and demand strict proof thereof.

21. Phoenix Defendants deny paragraph 18 of plaintiff's First Amended Complaint.

22. Regarding paragraphs 19 and 20 of plaintiff's First Amended Complaint, Phoenix Defendants affirmatively assert the Court has dismissed plaintiff's civil-conspiracy claims. To the extent the Court believes these allegations require a response, Phoenix Defendants deny them.

### **The Arrest & Death of the Decedent**

23. Phoenix Defendants admit paragraphs 21, 22, and 23 of plaintiff's First Amended Complaint.

24. Phoenix Defendants deny paragraphs 24 and 25 of plaintiff's First Amended Complaint.

25. Phoenix Defendants admit paragraph 26 of plaintiff's First Amended Complaint.

26. Phoenix Defendants deny paragraphs 27, 28, 29, 30, 31, and 32 of plaintiff's First Amended Complaint.

27. Regarding paragraph 33 of plaintiff's First Amended Complaint, Phoenix Defendants admit Muhaymin was taken to the ground twice during his arrest. The Phoenix Defendants deny the remaining allegations of this paragraph and demand strict proof thereof.

28. Phoenix Defendants admit paragraph 34 of plaintiff's First Amended Complaint.

29. Regarding paragraph 35 of plaintiff's First Amended Complaint, Phoenix Defendants admit Muhaymin was taken to the ground twice during his arrest. The Phoenix Defendants deny the remaining allegations of this paragraph and demand strict proof thereof.

30. Phoenix Defendants deny paragraphs 36 and 37 of plaintiff's First Amended Complaint.

31. Regarding paragraph 38 and 39 of plaintiff's First Amended Complaint, Phoenix Defendants admit Muhaymin became unresponsive and was administered CPR during his arrest. The Phoenix Defendants deny the remaining allegations of this paragraph and demand strict proof thereof.

## FEDERAL CLAIMS

### COUNT I – 42 U.S.C. § 1983
#### EXCESSIVE FORCE

32. Paragraph 40 of plaintiff's First Amended Complaint requires no response. To the extent the Court believes this paragraph requires a response, Phoenix Defendants deny the same and demand strict proof thereof.

33. Phoenix Defendants affirmatively assert paragraphs 41 and 42 of plaintiff's First Amended Complaint call for legal conclusions. To the extent the Court believes these paragraphs require a response, Phoenix Defendants deny the same and demand strict proof thereof.

34. Phoenix Defendants deny paragraphs 43, 44, 45, and 46 of plaintiff's First Amended Complaint.

### COUNT II – 42 U.S.C. § 1983
#### FAILURE TO PROTECT/INTERVENE

35. Paragraph 47 of plaintiff's First Amended Complaint requires no response. To the extent the Court believes this paragraph requires a response, Phoenix Defendants deny the same and demand strict proof thereof.

36. Phoenix Defendants affirmatively assert paragraphs 48 and 49 of plaintiff's First Amended Complaint call for legal conclusions. To the extent the Court believes these paragraphs require a response, Phoenix Defendants deny the same and demand strict proof thereof.

37. Phoenix Defendants deny paragraphs 50, 51, 52, 53, 54, and 55 of plaintiff's First Amended Complaint.

### COUNT III – Title II ADA
#### DISCRIMINATION

38. Paragraph 56 of plaintiff's First Amended Complaint requires no response. To the extent the Court believes this paragraph requires a response, Phoenix Defendants deny the same and demand strict proof thereof.

39. Phoenix Defendants affirmatively assert paragraphs 57 and 58 of plaintiff's First Amended Complaint call for legal conclusions. To the extent the Court believes these paragraphs require a response, Phoenix Defendants deny the same and demand strict proof thereof.

40. Phoenix Defendants deny paragraphs 59 and 60 of plaintiff's First Amended Complaint.

41. Phoenix Defendants affirmatively assert paragraphs 61, 62, and 63 of plaintiff's First Amended Complaint call for legal conclusions. To the extent the Court believes these paragraphs require a response, Phoenix Defendants deny the same and demand strict proof thereof.

42. Phoenix Defendants deny paragraphs 64, 65, 66, 67, 68, and 69 of plaintiff's First Amended Complaint.

### COUNT IV – 42 U.S.C. § 1983
#### SUPERVISOR LIABILITY

43. Regarding paragraphs 70 to 75 of plaintiff's First Amended Complaint, Phoenix Defendants affirmatively assert the Court has dismissed this Count. To

the extent the Court believes these allegations require a response, Phoenix Defendants deny them.

### COUNT V – 42 U.S.C. § 1983
**MUNICIPAL LIABILITY**
**[FAILURE TO TRAIN]**

44. Regarding paragraphs 76 to 82 of plaintiff's First Amended Complaint, Phoenix Defendants affirmatively assert the Court has dismissed this Count. To the extent the Court believes these allegations require a response, Phoenix Defendants deny them.

### COUNT VI – 42 U.S.C. § 1983
**MUNICIPAL LIABILITY**
**[UNLAWFUL POLICIES, PRACTICES, AND/OR CUSTOMS]**

45. Regarding paragraphs 83 to 88 of plaintiff's First Amended Complaint, Phoenix Defendants affirmatively assert the Court has dismissed this Count. To the extent the Court believes these allegations require a response, Phoenix Defendants deny them.

### STATE LAW CLAIMS

### COUNT VII – A.R.S. §§ 12-611 *et seq.,* 14-3110
**[WRONGFUL DEATH AND SURVIVAL ACTION]**
**EXCESSIVE FORCE (A.R.S. § 13-410)**

46. Paragraph 89 of plaintiff's First Amended Complaint requires no response. To the extent the Court believes this paragraph requires a response, Phoenix Defendants deny the same and demand strict proof thereof.

47. Phoenix Defendants deny paragraph 90 of plaintiff's First Amended Complaint.

48. Phoenix Defendants affirmatively assert paragraphs 91 and 92 of plaintiff's First Amended Complaint call for legal conclusions. To the extent the

Court believes these paragraphs require a response, Phoenix Defendants deny the same and demand strict proof thereof.

49. Phoenix Defendants deny paragraphs 93, 94, and 95 of plaintiff's First Amended Complaint.

## COUNT VIII – A.R.S. §§ 12-611 *et seq.,* 14-3110
### [WRONGFUL DEATH AND SURVIVAL ACTION]
### BATTERY

50. Paragraph 96 of plaintiff's First Amended Complaint requires no response. To the extent the Court believes this paragraph requires a response, Phoenix Defendants deny the same and demand strict proof thereof.

51. Phoenix Defendants affirmatively assert paragraphs 97, 98, and 99 of plaintiff's First Amended Complaint call for legal conclusions. To the extent the Court believes these paragraphs require a response, Phoenix Defendants deny the same and demand strict proof thereof.

52. Phoenix Defendants deny paragraphs 100, 101, 102, and 103 of plaintiff's First Amended Complaint.

## COUNT IX – A.R.S. §§ 12-611 *et seq.,* 14-3110
### [WRONGFUL DEATH AND SURVIVAL ACTION]
### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

53. Paragraph 104 of plaintiff's First Amended Complaint requires no response. To the extent the Court believes this paragraph requires a response, Phoenix Defendants deny the same and demand strict proof thereof.

54. Phoenix Defendants affirmatively assert paragraphs 105 and 106 of plaintiff's First Amended Complaint call for legal conclusions. To the extent the Court believes these paragraphs require a response, Phoenix Defendants deny the same and demand strict proof thereof.

55. Phoenix Defendants deny paragraphs 107, 108, 109, and 110 of plaintiff's First Amended Complaint.

## COUNT X – A.R.S. §§ 12-611 *et seq.,* 14-3110
**[WRONGFUL DEATH AND SURVIVAL ACTION]**
**NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS**

56. Paragraph 111 of plaintiff's First Amended Complaint requires no response. To the extent the Court believes this paragraph requires a response, Phoenix Defendants deny the same and demand strict proof thereof.

57. Phoenix Defendants affirmatively assert paragraphs 112 and 113 of plaintiff's First Amended Complaint call for legal conclusions. To the extent the Court believes these paragraphs require a response, Phoenix Defendants deny the same and demand strict proof thereof.

58. Phoenix Defendants deny paragraphs 114, 115, and 116 of plaintiff's First Amended Complaint.

## COUNT XI – A.R.S. §§ 12-611 *et seq.,* 14-3110
**[WRONGFUL DEATH AND SURVIVAL ACTION]**
**NEGLIGENCE**

59. Paragraph 117 of plaintiff's First Amended Complaint requires no response. To the extent the Court believes this paragraph requires a response, Phoenix Defendants deny the same and demand strict proof thereof.

60. Phoenix Defendants affirmatively assert paragraphs 118, 119, 120, and 121 of plaintiff's First Amended Complaint call for legal conclusions. To the extent the Court believes these paragraphs require a response, Phoenix Defendants deny the same and demand strict proof thereof.

61. Phoenix Defendants deny paragraphs 122, 123, 124, and 125 of plaintiff's First Amended Complaint.

## COUNT XII – A.R.S. §§ 12-611 *et seq.,* 14-3110
### [WRONGFUL DEATH AND SURVIVAL ACTION]
### GROSS NEGLIGENCE

62. Paragraph 126 of plaintiff's First Amended Complaint requires no response. To the extent the Court believes this paragraph requires a response, Phoenix Defendants deny the same and demand strict proof thereof.

63. Phoenix Defendants affirmatively assert paragraphs 127, 128, 129, and 130 of plaintiff's First Amended Complaint call for legal conclusions. To the extent the Court believes these paragraphs require a response, Phoenix Defendants deny the same and demand strict proof thereof.

64. Phoenix Defendants deny paragraphs 131, 132, 133, and 134 of plaintiff's First Amended Complaint.

## COUNT XIII – ARIZONA CIVIL RIGHTS ACT ("ACRA")
### DISCRIMINATION

65. Paragraph 135 of plaintiff's First Amended Complaint requires no response. To the extent the Court believes this paragraph requires a response, Phoenix Defendants deny the same and demand strict proof thereof.

66. Phoenix Defendants affirmatively assert paragraphs 136, 137, and 138 of plaintiff's First Amended Complaint call for legal conclusions. To the extent the Court believes these paragraphs require a response, Phoenix Defendants deny the same and demand strict proof thereof.

67. Phoenix Defendants deny paragraphs 139 and 140 of plaintiff's First Amended Complaint.

68. Phoenix Defendants affirmatively assert paragraphs 141 and 142 of plaintiff's First Amended Complaint call for legal conclusions. To the extent the Court believes these paragraphs require a response, Phoenix Defendants deny the same and demand strict proof thereof.

69. Phoenix Defendants deny paragraphs 143, 144, 145, 146, and 147 of plaintiff's First Amended Complaint.

### COUNT XIV – A.R.S §§ 12-611 *et seq.*, 14-3110
**[WRONGFUL DEATH AND SURVIVAL ACTION]**
**NEGLIGENT HIRING, SUPERVISION, RETENTION, AND/OR TRAINING**

70. Paragraph 148 of plaintiff's First Amended Complaint requires no response. To the extent the Court believes this paragraph requires a response, Phoenix Defendants deny the same and demand strict proof thereof.

71. Phoenix Defendants affirmatively assert paragraph 149 of plaintiff's First Amended Complaint calls for legal conclusions. To the extent the Court believes this paragraph requires a response, Phoenix Defendants deny the same and demand strict proof thereof.

72. Phoenix Defendants deny paragraphs 150 and 151 of plaintiff's First Amended Complaint.

### STATE AND FEDERAL CLAIM

### COUNT XV
**CIVIL CONSPIRACY**

73. Regarding paragraphs 152 to 159 of plaintiff's First Amended Complaint, Phoenix Defendants affirmatively assert the Court has dismissed this Count. To the extent the Court believes these allegations require a response, Phoenix Defendants deny them.

74. Phoenix Defendants deny each and every allegation in plaintiff's First Amended Complaint not specifically admitted in this Answer, including the allegations in plaintiff's Prayer for Relief found on page 24, lines 1 to 17.

### AFFIRMATIVE DEFENSES

Phoenix Defendants set forth the following defenses to plaintiff's First Amended Complaint. Some of the defenses outlined below are true affirmative

defenses (on which Phoenix Defendants would bear the burden of proof). Other defenses are outlined for the purpose of placing plaintiff on notice of the legal defenses Phoenix Defendants will assert for the purpose of allowing plaintiff to fully evaluate her claims, as this relates to any future request by Phoenix Defendants for attorneys' fees for any claim that is dismissed by the Court.

1. Plaintiff's First Amended Complaint fails to state a claim upon which relief can be granted.

2. The Phoenix Defendants are entitled to all privileges and immunities, including qualified immunity, afforded to governmental employees and/or entities under federal and state law, including those privileges and immunities described in *Hunter v. Bryant,* 502 U.S. 224 (1991) and *Saucier v. Katz,* 533 U.S. 194 (2001) and those provided in ARIZ. REV. STAT. §12-820, *et seq.*

3. To the extent plaintiff alleges use of force, the use of force in this matter was justified and privileged under Arizona's justification statutes, including but not limited to ARIZ. REV. STAT. §§ 13-403, 13-409, 13-410, 13-411, and 13-413. In addition, the Phoenix Defendants are entitled to the privileges and immunities found in *Graham v. Connor*, 490 U.S. 386 (1989), *Scott v. Harris,* 550 U.S. 372 (2007), and *Kisela v. Hughes*, ___ U.S. ___, 138 S. Ct. 1148 (2018). To the extent found justified under state law, ARIZ. REV. STAT. § 13-420 provides for attorneys' fees and all costs to the prevailing defendants.

4. The Phoenix Defendants allege the immunities set forth in ARIZ. REV. STAT. §§ 12-711, 12-712, and 12-716, including all applicable attorneys' fees available under these sections.

5. At all times set forth in the First Amended Complaint, the Phoenix Defendants were acting reasonably, in good faith, without malice, and based upon probable cause and/or reasonable suspicion because Muhaymin had a valid

outstanding warrant from the City of Mesa for Failure to Appear.

6. At all times set forth in the First Amended Complaint, the Phoenix Defendants' actions were objectively reasonable under the totality of the circumstances then existing.

7. Neither the actions nor inactions of the Phoenix Defendants, their employees, or agents, violated the state or federal constitutional rights of plaintiff or Muhaymin.

8. Neither Phoenix Defendants, nor their employees or agents breached any duty owed to plaintiff or to Muhaymin. The Phoenix Defendants deny that they, their employees, and/or their agents caused, or contributed to, the death of Muhaymin and the damages claimed by plaintiff.

9. Muhaymin's constitutional rights allegedly violated by the Phoenix Defendants were not clearly established at the time of Muhaymin's arrest and death.

10. Arizona is a comparative-fault state. Plaintiff's alleged injuries and damages, if any, were the result of plaintiff's and Muhaymin's own negligence, failure to disclose, inattention, assumption of the risk, failure to mitigate, or other wrong or unsafe act, thereby reducing or eliminating plaintiff's damages by the percentage of fault attributed to plaintiff and Muhaymin. This fault includes, but is not limited to, Muhaymin's poor heath, acute methamphetamine intoxication, and plaintiff's failure as his legal guardian to ensure he had proper housing and medical treatment.

11. In accordance with to ARIZ. REV. STAT. § 12-2506, the primary causes of Muhaymin's death were coronary artery disease and acute methamphetamine intoxication, for which fault Muhaymin is solely responsible.

12. Plaintiff and Muhaymin were contributorily negligent and/or any

damages received by plaintiff were the result of an intervening/superseding cause or occurred as a result of the negligence of someone other than the Phoenix Defendants, all of which bars plaintiff's recovery from the Phoenix Defendants.

13. Plaintiff's damages and the death of Muhaymin may have been caused or contributed to by the acts of others, including those not named as defendants in this lawsuit. In accordance with ARIZ. REV. STAT. § 12-2506, the Phoenix Defendants will ask the jury to consider the fault of other(s) and to apportion it accordingly.

14. The Phoenix Defendants are not subject to liability under 42 U.S.C. § 1983 as plaintiff cannot prove any violations of custom/policy pursuant to *Monell v. New York City Department of Social Services,* 436 U.S. 658 (1978).

15. None of the Phoenix Defendants' procedures, customs, training, hiring and/or supervision were deficient under state or federal law.

16. The Phoenix Defendants deny there were any constitutional violations by them and, as a result, plaintiff cannot recover under *Monell* for their actions in the absence of a constitutional violation.

17. Plaintiff's claim for punitive damages is barred by *Smith v. Wade,* 416 U.S. 30 (1983); *City of Newport v. Fact Concerts, Inc.,* 453 U.S. 247 (1981); and *Lancaster Community Hospital v. Antelope Valley Hospital District,* 940 F.2d 397 (9th Cir. 1991), and Arizona law in accordance with ARIZ. REV. STAT. § 12-820.04.

18. Muhaymin's Estate is limited to the recovery of economic damages related to the decedent's constitutional claims.

19. If the Phoenix Defendants are determined to be liable for the allegations contained in plaintiff's First Amended Complaint, then the Phoenix Defendants are entitled to contribution from other named and unnamed defendants under the Doctrine of Contribution.

20. Although the Phoenix Defendants do not presently have specific facts in support of the additional defenses stated in this paragraph, they which to put plaintiff on notice that they do not waive the right to assert each of the following defenses which, through subsequent discovery may be supported by the facts: lack of jurisdiction over the person, accord and satisfaction, arbitration and award, discharge in bankruptcy, duress, estoppel, set-off, failure to join an indispensable party, failure of consideration, fraud, illegality, laches, license, payment, release, res judicata, statute of frauds, statute of limitations, spoliation of the evidence, insufficiency of process and insufficiency of service of process and waiver and any affirmative defense available under FED. R. CIV. P. 8 and 12 as they may apply to this litigation.

21. Phoenix Defendants reserve the right to assert any other affirmative defenses which may become known during the course of discovery.

## **JURY DEMAND**

In accordance with FED. R. CIV. P. 38(b), the Phoenix Defendants, collectively and each of them, demand a trial by jury.

**Wherefore**, having fully answered plaintiff's First Amended Complaint, the Phoenix Defendants request plaintiff takes nothing, and the Phoenix Defendants be awarded their costs and reasonable attorneys' fees pursuant to 42 U.S.C. § 1988, and ARIZ. REV. STAT. §§ 12-349, 12-350, and 13-420, along with any other relief the Court deems just and proper.

DATED: March 15, 2019.

**O'CONNOR & CAMPBELL, P.C.**

By: */s/ Justin D. Holm*
    Daniel J. O'Connor, Jr.
    Justin D. Holm
    *Attorneys for Defendants*

## **CERTIFICATE OF SERVICE**

I hereby certify that on March 15, 2019 I electronically filed the foregoing with the Clerk of the Court for the U.S. District Court, District of Arizona, using the CM/ECF System. A Notice of Electronic Filing will be served to the following registered participants:

| | |
|---|---|
| David A. Chami<br>PRICE LAW GROUP, APC<br>8245 N. 85th Way<br>Scottsdale, AZ 85258<br>*Attorney for Plaintiff* | Haytham Faraj<br>LAW OFFICES OF HAYTHAM FARAJ<br>1935 W Belmont Ave.<br>Chicago, IL 60657<br>*Attorney for Plaintiff* |

By: */s/ Amanda Bennett*