David A. Chami, AZ #027585
PRICE LAW GROUP, APC
8245 N. 85th Way
Scottsdale, AZ 85258
T: (818) 600-5515
F: (818) 600-5415
david@pricelawgroup.com

Haytham Faraj
LAW OFFICES OF HAYTHAM FARAJ
1935 W Belmont Ave.
Chicago, IL 60657
T: (312) 635-0800
F: (202) 280-1039
haytham@farajlaw.com

Attorneys for Plaintiff

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Mussalina Muhaymin as Personal Representative of the Estate of Muhammad Abdul Muhaymin Jr.,<br><br>Plaintiff,<br><br>v.<br><br>City of Phoenix, an Arizona Municipal Corporation, *et al.*,<br><br>Defendants. | Case No.: CV-17-04565-PHX-SMB<br><br>**PLAINTIFF'S MEMORANDUM RE: CONFIDENTIALITY OF DEPOSITION TRANSCRIPTS** |

Plaintiff hereby submits her memorandum, pursuant to the Court's minute entry on February 11, 2020.

Defendants have sought to designate the entirety of deposition transcripts as confidential. Nothing in the parties' stipulated protective order or in the governing case law supports such a

position. Defendants' wish to designate entire deposition transcript as confidential seeks a grossly overbroad and burdensome to Plaintiff.

The Stipulated Protective Order in place in this case [Doc. 72], entered on May 8, 2019, provides:

> Documents are to be designated confidential **ONLY** if they contain non-public, confidential: (1) medical and/or mental health information that is protected under HIPAA or any other applicable state or federal law; (2) financial information; (3) personal identifying information (social security number or birth date); (4) or other private information wherein there exists a reasonable expectation of privacy based upon applicable federal or state law. (emphasis added). Doc 72 at ¶ 3.

"Confidential Information" is further defined as "any documents, evidence, testimony, materials, or other information, whether written or oral, exchanged, revealed, or presented in these proceedings, **designated in good faith** as 'Confidential' by any party. Confidential Information shall include, but not be limited to:

> (1) private medical, physiological, and/or mental health records protected under HIPAA or any other applicable state or federal law;
> (2) financial information;
> (3) inmate records that are not-publicly available, but excluding housing history and any information available through public websites;
> (4) employment records;
> (5) personal identifying information (social security number);
> (6) private information wherein there exists a reasonable expectation of privacy based upon applicable federal or state law;
> (7) correspondence between a plaintiff and a plaintiff's family or friends, provided such documents have not previously been made public;
> (8) confidential or proprietary business information including, but not limited to, policies, practices, operations, data, agreements, complaints, investigations, meeting agendas, meeting minutes, and electronic or other written communications; and

(9) information and documents (including electronically stored information) not generally available to the public as well as any copies or summaries of such information or any materials that reveal the contents of such information. Doc 72 at ¶ 4.

In addition to the limited categories of information that may be designated as confidential, it bears noting that, per the protective order in place, "Documents and information shall not be designated Confidential Information to the extent they are otherwise publicly available." Id.

Defendant does not explain with any specificity what information is confidential or why. They simply seek entire deposition transcripts designated as confidential even though they involve testimony about: 1) events that transpired in the public; 2) have been widely publicized in the media (by the City of Phoenix) and in public records; and 3) are bereft of any of the categories of information which the; protective order describes as available for a confidential designation.

In analyzing a document's confidentiality designation, the courts should recognize "the public interest in understanding the judicial process and whether disclosure of the material could result in improper use of the material for scandalous or libelous purposes or infringement upon trade secrets." Mere bald-face assertions of confidentiality are insufficient. "The district court must base its decision on a compelling reason and articulate the factual basis for its ruling, without relying on hypothesis or conjecture." *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122. 1135 (9th Cir. 2003), citing *Hagestad v. Tragesser*, 49 F.3d 1430, 1434 (9th Cir. 1995).

Defendants have not made a showing, or even tried, that the deposition transcripts at issue contain "(1)medical and/or mental health information; "(2) financial information;" (3) personal identifying information (social security number or birth date)"; "(4) or other private information wherein there exists a reasonable expectation of privacy." Doc. 72 at ¶ 3. The deposition discuss training received by Phoenix police officers, as well as the perception of the officer of

events that were captured on video from many angles and have been widely disseminated. As such Defendants' efforts to designate non-confidential deposition transcripts as confidential should be rejected, and, to the extent that certain information within the transcripts is confidential, only those portions of the transcript that are actually confidential should be so delegated and an specific identification of the reasons for the designation should be provided.

Respectfully submitted this 18th day of February 2020.

PRICE LAW GROUP, APC

By: /s/ *David A. Chami*
David A. Chami, AZ #027585
david@pricelawgroup.com
Attorneys for Plaintiff

**CERTIFICATE OF SERVICE**

I hereby certify that on February 18, 2020, I electronically filed the foregoing document with the Clerk of the Court using the ECF system. Notice of such filing will be sent to all attorneys of record in this matter. Since none of the attorneys of record are non-ECF participants, hard copies of the foregoing have not been provided via personal delivery or by postal mail.

PRICE LAW GROUP, APC

By: /s/ *Florence Lirato*