Daniel J. O'Connor, Jr., Bar No. 010081
Karen J. Stillwell, Bar No. 022711
Jared M. Scarbrough, Bar No. 022011
**O'CONNOR & DYET, P.C.**
7955 South Priest Drive
Tempe, Arizona 85284
daniel.oconnor@occlaw.com
karen.stillwell@occlaw.com
jared.scarbrough@occlaw.com
(602) 241-7000
*Attorneys for Defendants*

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Mussalina Muhaymin as Personal Representative of the Estate of Muhammad Abdul Muhaymin Jr.,<br><br>Plaintiff,<br>vs.<br><br>City of Phoenix, an Arizona Municipal Corporation; Antonio Tarango; Officer Oswald Grenier; Officer Kevin McGowan; Officer Jason Hobe; Officer Ronaldo Canilao; Officer David Head; Officer Susan Heimbinger; Officer James Clark; Officer Dennis Lerous; Officer Ryan Nielson; Officer Steven Wong; and Doe Supervisors 1-5,<br><br>Defendants. | Case No.: 17-cv-04565-PHX-SMB<br><br>**DEFENDANTS' SUPPLEMENT TO MEMORANDUM RE: CONFIDENTIAL DESIGNATION OF DEPOSITION TRANSCRIPTS AND VIDEOTAPES**<br><br>AND<br><br>**EXPEDITED MOTION FOR PROTECTIVE ORDER AND ORDER TO CEASE/DESIST AND REMOVE PUBLIC POSTINGS**<br><br>(Assigned to the Honorable Susan M. Brnovich) |

Defendants City of Phoenix, Antonio Tarango, Officer Oswald Grenier, Officer Kevin McGowan, Officer Jason Hobel, Officer Ronaldo Canilao, Officer David Head, Officer Susan Heimbigner, Officer James Clark, Officer Dennis Leroux, Officer Ryan Nielsen and Sgt. Steven Wong (collectively "Phoenix Defendants") submit this Supplement to Phoenix Defendants' Memorandum of Points and Authorities regarding Defendants'

request to designate deposition transcripts and videotapes as confidential pursuant to the Court's May 8, 2019 Protective Order and applicable case law.[1] Phoenix Defendants also move the Court, on an expedited basis, for a Protective Order and Order to Plaintiff's counsel to remove all public postings related to this matter and immediately cease and desist.

**MEMORANDUM OF POINTS AND AUTHORITIES**

Over the last seventy-two hours, Plaintiff's counsel has made multiple public posts and comments through social media, and at a minimum, Facebook. Plaintiff's counsel is improperly posting materials/videos and prejudicial arguments comparing this litigation to the recent death of George Floyd in Minneapolis. He is using the public platform, Facebook, to bring this litigation to the public forefront in efforts to create public outrage, incite anger and violence against Phoenix Defendants, and gain national media attention. Finally, Plaintiff's counsel sent undersigned counsel a "demand to settle," containing threats and demands to settle or "wait for the inevitable national attention that will leave you wishing you had accepted my overtures." *See* May 27, 2020 Correspondence from Plaintiff's Counsel, attached as **Exhibit A** and filed under seal.

On May 27, 2020, Plaintiff's counsel posted on Facebook side by side pictures comparing this matter to the recent death of George Floyd and stating that he "represents the family." *See* **Exhibit B**. Plaintiff's counsel made this post shareable and indicated he will be "posting videos of the incident soon." *See* **Exhibit B**, p. 2. Just today, on May 29, 2020, Plaintiff's counsel posted an edited video and asserts "Phoenix PD murder of Muhammad Muhaymin for attempting to use a public restroom. No officers fired or charged. I represent his daughter and sister in a wrongful death civil rights law suit." "Please repost and share." "***This is exactly like the inhumane and violent murder of George Floyd.***" *See* **Exhibit C.** Both posts have already been shared with additional comments. *See, e.g.,* **Exhibit D**.

---

[1] Phoenix Defendants' February 18, 2020 Memorandum is reflected at Dkt No. 117; and the May 8, 2019 Order of Protection is reflected at Dkt No. 072.

- 2 -

These posts are troubling for several reasons. First and foremost, although Mr. Haytham Faraj is admitted Pro Hac Vice in this matter, by nature of his admission, he is bound by the Arizona Rules of Professional Conduct. ER 3.6, Rule 42, Ariz. R. Prof. Cond., states: "(a) A lawyer who is participating or has participated in the investigation or litigation of a matter ***shall not make an extrajudicial statement that the lawyer knows or reasonably should know will be disseminated by means of public communication and will have a substantial likelihood of materially prejudicing*** an adjudicative proceeding in the matter." (Emphasis added). In addition, ER 4.4, Rule 42, Ariz. R. Prof. Cond., provides "[i]n representing a client, a lawyer ***shall not use means that have no substantial purpose other than to embarrass, delay, or burden any other person***. ..." (Emphasis added).

Local Rule Civ 83.8 provides: "A lawyer or law firm associated with a civil action shall not during its investigation or litigation make or participate in making an extrajudicial statement, other than a quotation from or reference to public records, which a reasonable person would expect to be disseminated by means of public communication, if there is a reasonable likelihood that such dissemination will interfere with a fair trial and which relates to:

   (1) evidence regarding the occurrence or transaction involved;

   (2) the character, credibility, or criminal record of a party, witness or prospective witness;

   (3) the performance or results of any examination or tests or the refusal or failure of a party to submit to such;

   (4) an opinion as to the merits of the claims or defenses of a party except as required by law or administrative rules; or

   (5) any other matter reasonably likely to interfere with a fair trial of the action."

These posts indisputably refer to the "evidence regarding the occurrence," "the character, credibility . . . of a party…," "the … results of any examination," "opinion as to the merits of the claims or defenses of a party …" and certainly present matters that are reasonably (and highly) "likely to interfere with a fair trial of the action." These are not publicly available

materials. The only possible purpose for Plaintiff's counsel's posts is to "embarrass, delay, or burden any other person" and to incite public anger against Phoenix Police Department in the midst of ongoing protests related to George Floyd in Minnesota. *See* ER 4.4, Rule 42, Ariz. Prof. R. Cond.; *see also Paisley Park Enters., Inc. v. Uptown Prods.*, 54 F. Supp. 2d 347, 349 (S.D.N.Y. 1999) ("[C]ourts must be vigilant to ensure their processes are not used improperly for purposes unrelated to their role.").

Finally, the posts are troubling because they are filled with misrepresentations and inaccuracies – not just about the encounter and circumstances – but about the public facts of this matter. For instance, Mr. Faraj claims he "represent[s] his daughter and sister." This is inaccurate insofar as Plaintiff's counsel and this Court are aware that Mr. Brian Theut has been appointed to represent Mr. Muhaymin's daughter, the minor statutory beneficiary, in this matter. Docs. 165, 168. In addition, the edited video is not a public video – this is Plaintiff's "clip," which was made and disseminated for purposes of prejudicing the Phoenix Defendants, inciting anger, and interfering with a fair trial.

Plaintiff's counsel is attempting to capitalize on media attention and attempting to pressure Phoenix Defendants into acceding to Plaintiff's demands, by leveraging public opinion and harassment and there is "no need to add to such palpable concerns for the safety of the Individual Defendants in this case." *Arroyo v. City of Buffalo*, 2017 WL 3085835, at *14 (July 20, 2017); *see also Milner v. City of New York*, 2012 WL 3138110, at *14 (S.D.N.Y. Aug. 2, 2012). None of this is needed for legitimate public policy reasons or *litigation needs*. *See Paisley Park Enters., Inc.*, 54 F. Supp. 2d at 349.

////

////

////

////

For these reasons, Phoenix Defendants respectfully request the Court Order that deposition transcripts and videotapes remain confidential pursuant to its May 8, 2019 Order. Phoenix Defendants also request that the Court issue an Expedited Protective Order prohibiting public commenting on this matter and Ordering Plaintiff's Counsel to remove his posts immediately.

Dated: May 29, 2020.

**O'CONNOR & DYET, P.C.**

By:*/s/ Karen J. Stillwell*
 Daniel J. O'Connor, Jr.
 Karen J. Stillwell
 Jared M. Scarbrough
 *Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on May 29, 2020, I electronically filed the foregoing with the Clerk of the Court for the U.S. District Court, District of Arizona, using the CM/ECF System. A Notice of Electronic Filing will be served to the following registered participants:

David A. Chami
PRICE LAW GROUP, APC
8245 N. 85th Way
Scottsdale, AZ 85258
*Attorney for Plaintiff*

Haytham Faraj
LAW OFFICES OF HAYTHAM FARAJ
1935 W Belmont Ave.
Chicago, IL 60657
*Attorney for Plaintiff*

Brian J. Theut
Theut, Theut & Theut
5150 North 16th Street
Phoenix, AZ 85016
*Court Ordered Statutory Representative for Amirah Muhaymin, a minor*

By: */s/ Kim Penny*