**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Mussalina Muhaymin, et al., | No. CV-17-04565-PHX-SMB |
| Plaintiffs, | **ORDER** |
| v. | |
| City of Phoenix, et al., | |
| Defendants. | |

Pending before the Court is Defendants' Expedited Motion for Protective Order and Order to Cease/Desist and Remove Public Postings,[1] (Doc. 179, "Mot."; Doc. 183, "Resp."). Defendants argue that Plaintiff's counsel, Mr. Faraj, violated the Court's existing protective order, Arizona Rules of Professional Conduct, and Local Rule of Civil Procedure 83.8 by posting comments, materials, a video, and prejudicial arguments about the case online on two occasions. As a result, they request an "Order that deposition transcripts and videotapes remain confidential" pursuant to the Court's existing protective order and an "Order prohibiting public commenting on [the online posts] and [o]rdering Plaintiff's [c]ounsel to remove his posts immediately." (Mot. at 5.) Because the Court finds no violation of any of the above things, the motion is denied in full.

## I.     BACKGROUND

Mr. Faraj concedes that he published the two posts in question on his Facebook. In the first, he compares the death of his client, Mr. Muhaymin, to George Floyd's alleged

---

[1] The Court heard oral argument on June 2, 2020. (Doc. 187.)

murder and provides a synopsis of what allegedly occurred in his client's case. In the other, he wrote, *inter alia*, that no officers were fired or charged after his client's death and that he represents the daughter and sister in a wrongful death civil rights lawsuit. He also attached a heavily edited video of the alleged incident involving his client before his client's death and noted that the City of Phoenix had already released a similar, albeit edited, version.

## II. DISCUSSION

### A. <u>Alleged Violations</u>

Defendants argue Mr. Faraj's conduct violates the Court's protective order, Arizona Rules of Professional Conduct 3.6 and 4.4, and Local Rule of Civil Procedure 83.8. The Court disagrees with Defendants, finding no violation.

#### i. Protective Order

On May 8, 2019, the Court approved a stipulated protective order between the parties. (*See* Doc. 72.) After its issuance, Defendants averred that the "deposition transcripts and videotapes in dispute have been properly designated as Confidential by Phoenix Defendants in good faith and, are, therefore, subject to th[at] Order." (Doc. 117 at 2.) Once something is designated confidential, the Order requires that "[a]ny party may dispute the designation of Discovery Material as Confidential Information by providing the designating party with written notice of the objection to the designation." (Doc. 72 ¶ 12.) In challenging the designation, "[t]he Challenging Party shall bear the burden of persuasion as to the propriety of the confidentiality designation." (*Id.*) "The Challenging Party [cannot] make any disclosure pending informal resolution by the parties, while a motion to allow or to bar such disclosure is pending, or while any appeal or request for review or reconsideration pertaining to such a motion is pending." (*Id.*) "If any Confidential Information is disclosed to any [unauthorized] person . . . , the party responsible for the disclosure shall, upon discovery of the disclosure, immediately inform the Producing Entity and/or Designating Party whose information is disclosed of all facts pertinent to the disclosure, including the name, address, and employer of the person to whom the disclosure

was made." (*Id.* ¶ 18.)

Here, Mr. Faraj has established that he disclosed non-confidential information exempt from the protective order because the portions of the video he posted came from the public video released by the City of Phoenix. During oral argument, Mr. Faraj explained how he created the video. After viewing both videos, the one released by the City of Phoenix and the other released by Mr. Faraj, the Court finds that Mr. Faraj's video, although substantially edited, discloses only publicly available information (i.e. excerpts of the video released by the City of Phoenix). Therefore, there is no violation of the protective order. Notwithstanding this fact, however, and although not explicitly argued by Defendants, the Court is concerned with a statement by Mr. Faraj in his first post, which states that "[a]ll the officers involved admit that he did not attack any officer verbally or physically." This information appears to arise out of information obtained from the depositions in this case, which would be subject to the protective order. However, since the argument was not raised, the Court will not consider it and finds no violation has been shown.

### ii.  Arizona Rules of Professional Conduct

Defendants next argue that Mr. Faraj's conduct violates Rule 42 of the Arizona Supreme Court, Arizona Rules of Professional Conduct, E.R. 3.6 and 4.4. Mr. Faraj, admitted pro hac vice to practice in this Court, does not dispute that these rules apply to him. Instead, he argues that he was only responding to correct misinformation released by Defendants.

Ethical Rule 3.6 of the Arizona Rule of Professional Conduct states that:

(a) A lawyer who is participating or has participated in the investigation or litigation of a matter shall not make an extrajudicial statement that the lawyer knows or reasonably should know will be disseminated by means of public communication and will have a substantial likelihood of materially prejudicing an adjudicative proceeding in the matter.

(b)  Notwithstanding paragraph (a), a lawyer may state:

(1) the claim, offense or defense involved and, except when prohibited by law, the identity of the persons involved;
(2) information contained in a public record;
(3) that an investigation of a matter is in progress;
(4) the scheduling or result of any step in litigation;
…

(c) Notwithstanding paragraph (a), a lawyer may make a statement that a reasonable lawyer would believe is required to protect a client from the substantial undue prejudicial effect of recent publicity not initiated by the lawyer or the lawyer's client. A statement made pursuant to this paragraph shall be limited to such information as is necessary to mitigate the recent adverse publicity.

A.R.S. Sup. Ct. Rules, Rule 42, Ariz. R. Prof. Cond. E.R. 3.6

Mr. Faraj claims he did not violate Rule 3.6 because he was simply responding to an ABC News release on January 27, 2017. Although the rule requires that the response be to "recent publicity," Mr. Faraj's claimed "recent publicity" was released over three years ago. Moreover, Defendants have not since commented about the case either. At face value, this can hardly be characterized as recent. To that, Mr. Faraj argues his response is nevertheless appropriate because the post remains online, which Defendants do not dispute, and still appears after a Google search for the "Muhammad." Based on these circumstances, the Court finds no violation of E.R. 3.6 regarding pretrial publicity, however, Mr. Faraj should not feel impelled by this finding to further respond to a three-year-old release.

The other ethics rule provides, in relevant part, that "[i]n representing a client, a lawyer shall not use means that have no substantial purpose other than to embarrass, delay, or burden any other person." *Id.* E.R. 4.4. Defendants have not shown that Mr. Faraj's sole purpose in posting this information to his Facebook was to do such a thing.[2]

### iii.  Local Rule of Civil Procedure 83.8

Defendants last argue that Mr. Faraj's conduct violates Local Rule of Civil

---

[2] The timing of the posts is concerning because it is made right after the murder of George Floyd and in conjunction with a private letter to the City. In light of the language used in the letter, it could be construed as the City argued. Standing alone, the public is not aware of the context as a whole so the impact does not rise to the level of a violation. Continued postings may impact this ruling.

Procedure 83.8. That rule provides:

> (a) **Prohibition of Extrajudicial Statements.** A lawyer or law firm associated with a civil action shall not during its investigation or litigation make or participate in making an extrajudicial statement, other than a quotation from or reference to public records, which a reasonable person would expect to be disseminated by means of public communication, if there is a reasonable likelihood that such dissemination will interfere with a fair trial and which relates to:
>
> > (1) evidence regarding the occurrence or transaction involved;
> > (2) the character, credibility, or criminal record of a party, witness or prospective witness;
> > (3) the performance or results of any examination or tests or the refusal or failure of a party to submit to such;
> > (4) an opinion as to the merits of the claims or defenses of a party except as required by law or administrative rules; or
> > (5) any other matter reasonably likely to interfere with a fair trial of the action.

LRCiv 83.8(a)(1)-(5).

Mr. Faraj does not address this rule in his response. His statements are undoubtedly extrajudicial, a reasonable person would expect them to be disseminated by means of public communication based on his posting of them to Facebook,[3] and they relate to evidence regarding this case, the character of a party, and an opinion as to the merits of the claims. However, the principal inquiry here is whether there is a reasonable likelihood that the posts will interfere with a fair trial. The Court finds they will not for two reasons. First, they are on Facebook, which is not as easily accessible as a major news outlet. Second, the trial is not imminent because no trial date has been set, and it is unlikely that these posts have a reasonable likelihood of interfering with a trial likely a year away. Thus, the Court finds no violation of Local Rule 83.8.

## B. <u>Requested Relief</u>

---

[3] Mr. Faraj specifically asks people to share the post, thus asking for it to be disseminated further that just his Facebook page.

With no violation found, the Court addresses whether it should issue the gag order requested by Defendants.

"The Court is empowered to issue a restraining order prohibiting trial participants from communicating with the media where 'excessive trial publicity' endangers the fairness of the judicial process." *Mizioch v. Montoya*, No. CV10-01728-PHX-JAT, 2011 WL 4900033, at *6 (D. Ariz. Oct. 14, 2011) (citing *Levine v. United States District Court for the Central District of California*, 764 F.2d 590, 600-601 (9th Cir. 1985)). The Supreme Court has said that the speech of trial participants can be restricted under a less demanding standard than that required to restrictions imposed on the press. *See Gentile v. State Bar of Nevada*, 501 U.S. 1030, 1071 (1991). The Ninth Circuit has recently reiterated that a lower standard applies to prior restraints of the speech of attorneys participating in a case. *See*, *e.g.*, *In re Dan Farr Prods.*, 874 F. 3d 590, 593 n.3 (9th Cir. 2017). Other courts have noted that issuing restraints on lawyers still requires special protection when there has not been a determination that the speech is unprotected by the First Amendment. *See Clifford v. Trump*, Case No.: CV-18-02217-SJO (FFMx), 2018 WL 5273913, at *3-4 (C.D. Cal. July 31, 2018); *United States v. McGregor,* 838 F.Supp.2d 1256, 1262 (M.D. Ala. 2012) ("Thus, a court should issue a gag order only if (1) the attorneys' speech presents a substantial likelihood of material prejudice to the proceedings; (2) the proposed protective order is narrowly tailored; (3) alternatives to the protective order would not be effective; and (4) the order would be effective in achieving the government's goal.")

Because the Court finds no violations of any Court order or rule, it declines to issue an order that would act as a prior restraint. However, this does not mean that the Court would not do so if any counsel, whether for Plaintiffs or Defendants violated Court rules in the future. The Court expects all counsel to exercise caution and restraint in all future statements, if any.[4]

---

[4] The Court need not address Mr. Faraj's claims that he was engaging in political speech and issue advocacy because no order is issuing. Notwithstanding this, his arguments lack merit because nothing in his posts were directed at holding elected officials accountable or addressing policing procedure issues. Nonetheless, he could do either of these things without attempting to influence the outcome of this case or citing to non-public information.

Accordingly,

**IT IS ORDERED DENYING** Defendants' Expedited Motion for Protective Order and Order to Cease/Desist and Remove Public Postings, (Doc. 179).

Dated this 5th day of June, 2020.

Honorable Susan M. Brnovich
United States District Judge