David A. Chami, AZ #027585
PRICE LAW GROUP, APC
8245 N. 85th Way
Scottsdale, AZ 85258
T: (818) 600-5515
F: (818) 600-5415
david@pricelawgroup.com

Haytham Faraj
LAW OFFICES OF HAYTHAM FARAJ
1935 W Belmont Ave.
Chicago, IL 60657
T: (312) 635-0800
F: (202) 280-1039
haytham@farajlaw.com

Attorneys for Plaintiff

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Mussalina Muhaymin as Personal Representative of the Estate of Muhammad Abdul Muhaymin Jr., <br><br> Plaintiff, <br><br> v. <br><br> City of Phoenix, an Arizona Municipal Corporation, *et al.*, <br><br> Defendants. | Case No.: CV-17-04565-PHX-SMB <br><br> **PLAINTIFF'S MOTION TO QUASH AND/OR FOR PROTECTIVE ORDER REGARDING SUBPOENAS ISSUED TO PLAINTIFF'S RETAINED EXPERT WITNESSES, DR. BENNET OMALU AND MR. SCOTT DEFOE** |

NOW COMES Plaintiff, Mussalina Muhaymin, as Personal Representative of the Estate of Muhammad Abdul Muhaymin, Jr., by and through undersigned counsel, and pursuant to Rules 26(c)(1)(A), 45(b), and 45(d)(3)(A), moves for a Protective Order and/or to Quash the subpoenas commanding production of documents from Plaintiff's experts,

Dr. Bennet Omalu and Mr. Scott DeFoe, by September 4, 2020. Good cause exists to protect Plaintiff's experts because the purported subpoenas were not properly served, require compliance beyond the geographical limits specified in Rule 45(c), fail to allow a reasonable time to comply, and are untimely pursuant to the court-ordered written discovery deadline. In support thereof, Plaintiff states as follows:

## **MEMORANDUM OF POINTS AND AUTHORITIES**

### I. BACKGROUND

On August 17, 2020, defense counsel filed a notice of intent to issue subpoenas to Plaintiff's expert witnesses, Dr. Bennet Omalu and Mr. Scott DeFoe, seeking production documents pursuant to Fed. R. Civ. P. 45. (Dkt. 207). Defense counsel did not otherwise inform Plaintiff's counsel of their intent to serve these subpoenas on Plaintiff's expert witnesses seeking production of documents, which could and should have been requested from Plaintiff pursuant to Fed. R. Civ. P. 34. Nor did Defendants' counsel request that Plaintiff's counsel accept service on its expert's behalf. Defense counsel was fully aware that Plaintiff's lead counsel was preparing for trial at the time the notice was filed and would likely be in trial for the next few weeks. Plaintiff's counsel did not discover that any such subpoenas were issued until one of Plaintiff's expert witnesses reached out regarding receipt of the subpoena *via certified mail* on or about August 31, 2020.

### II. ARGUMENT

Plaintiff and her retained expert witnesses respectfully request that this Court quash and/or issue a protective order regarding the subpoenas mailed to Plaintiff's experts because they were not properly served, require compliance beyond the geographical limits

specified in Rule 45(c), fail to allow a reasonable time to comply, and are untimely pursuant to the court-ordered written discovery deadline.

### a. RECEIPT OF SUBPOENAS

The purported subpoena commanding production of documents from Mr. Scott DeFoe was sent to his *P.O. Box* in Huntington Beach, CA, <u>via certified mail</u>, on or after August 19, 2020, with documents to be delivered to defense counsel's office, <u>384 miles away</u>, on September 4, 2020, at 9 a.m. <u>Mr. DeFoe did not receive the subpoena until on or about August 31, 2020</u>.

Similarly, the purported subpoena commanding production of documents from Dr. Bennet Omalu was sent to his office in Stockton, CA, <u>via certified mail</u>, on or after August 19, 2020, with documents to be delivered to defense counsel's office, <u>723 miles away</u>, on September 4, 2020, at 9 a.m.

### b. IMPROPER SERVICE

**The subpoenas issued to Plaintiff's retained experts, Dr. Bennet Omalu and Mr. Scott DeFoe, should be quashed or a protective order entered because they were not properly served.**

Rule 45(b)(1) provides, in relevant part, that "[s]ervice of a subpoena upon a person named therein shall be made by delivering a copy thereof to such person[.]" The majority of courts understand "delivering" to require personal service of the subpoena. *See Rijhwani v. Wells Fargo Home Mortg., Inc.*, No. C 13-05881 LB, 2015 WL 848554, at *4 (N.D. Cal. Jan. 28, 2015) (citation omitted); *Spencer*, 2006 WL 2734284, at *1 (citations omitted); *Newell v. Cnty. Of San Diego*, No. 12cv1696-GPC (BLM), 2013 WL 4774767, at *2 (S.D. Cal. Sept. 5, 2013) (citations omitted); *see also* Wright & Miller, 9A Fed.

Practice & Proc. § 2454 (3d ed. 2015) ("The longstanding interpretation of Rule 45 has been that personal service of the subpoena is required."). Without proper service, Plaintiff's experts are under no obligation to comply.

### c. SEEKS PRODUCTION OF DOCUMENTS OUTSIDE GEOGRAPHICAL LIMITATIONS SET FORTH IN RULE 45

**The subpoenas are improper and must be quashed because they command production of documents outside of the geographical limitations set forth in Rule 45.**

A subpoena may command "production of documents, or tangible things at a place <u>within 100 miles of where the person resides, is employed, or regularly transacts business in person</u>." F.R.C.P. 45(c)(2)(A) (emphasis added). Pursuant to Rule 45(d)(3)(A)(ii), the court **must** quash or modify a subpoena that requires a person to comply beyond the geographical limits specified in Rule 45(c). Because the place for production is far more than 100 miles from Plaintiffs' experts, the subpoena must be quashed.

### d. FAILURE TO ALLOW A REASONABLE TIME TO COMPLY

**The subpoenas are also patently improper and must be quashed because they failed to allow Plaintiff's experts a reasonable time to comply pursuant F.R.C.P. 45(d)(3)(A)(i).**

The scope of discovery that can be requested through a subpoena under Rule 45 is the same as the scope under Rule 26(b). Fed. R. Civ. P. 45 Advisory Comm.'s Note (1970) ("[T]he scope of discovery through a subpoena is the same as that applicable to Rule 34 and other discovery rules."). Where the information sought via a subpoena could have been requested from the Plaintiff pursuant to F.R.C.P. 34, the time to respond to such subpoenas is typically the same – i.e., 30 days. Mr. DeFoe, for example, did not receive

the purported subpoena until on or about August 31, 2020, 4 days before the time specified for compliance.

The purported subpoenas must be therefore be quashed because they did not allow Plaintiff's experts a reasonable time to comply.

  e. **ISSUED BEYOND DEADLINE TO SERVE WRITTEN DISCOVERY**

**Finally, the subpoenas are untimely because the deadline to serve written discovery was <u>August 7, 2020</u>. (Dkt. 206).**

<u>The defense may not use a subpoena to circumvent the court ordered discovery deadlines</u>. For that reason alone, Defendants' subpoenas are untimely, unenforceable, and must be quashed.

## III. CONCLUSION

For the foregoing reasons, Plaintiff and her retained expert witnesses respectfully request that this Court quash and/or issue a protective order regarding the aforementioned subpoenas because they were not properly served, require compliance beyond the geographical limits specified in Rule 45(c), fail to allow a reasonable time to comply, and are untimely pursuant to the court-ordered written discovery deadline.

Respectfully submitted this 3rd day of September, 2020.

PRICE LAW GROUP, APC

*/s/David A. Chami*
David A. Chami, AZ #027585

*Attorneys for Plaintiff*

# **CERTIFICATE OF SERVICE**

I hereby certify that on September 3, 2020, I electronically filed the foregoing document with the Clerk of the Court using the ECF system. Notice of such filing will be sent to all attorneys of record in this matter. Since none of the attorneys of record are non-ECF participants, hard copies of the foregoing have not been provided via personal delivery or by postal mail.

PRICE LAW GROUP, APC

*/s/Florence Lirato*