David A. Chami, AZ #027585
PRICE LAW GROUP, APC
8245 N. 85th Way
Scottsdale, AZ 85258
T: (818) 600-5515
F: (818) 600-5415
david@pricelawgroup.com

Haytham Faraj
LAW OFFICES OF HAYTHAM FARAJ
1935 W Belmont Ave.
Chicago, IL 60657
T: (312) 635-0800
F: (202) 280-1039
haytham@farajlaw.com

Attorneys for Plaintiff

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Mussalina Muhaymin as Personal Representative of the Estate of Muhammad Abdul Muhaymin Jr., <br><br> Plaintiff, <br><br> v. <br><br> City of Phoenix, an Arizona Municipal Corporation, *et al.*, <br><br> Defendants. | Case No.: CV-17-04565-PHX-SMB <br><br> **PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION(S) TO SEAL** <br> **(DKT. NOS. 272, 276)** |

NOW COMES Plaintiff, Mussalina Muhaymin, as Personal Representative of the Estate of Muhammad Abdul Muhaymin, Jr., by and through undersigned counsel, and in opposition to Defendants' motion to seal, states as follows:

-1-

1. On August 17, 2020, Defendants filed a Motion to Seal their (1) Motion for Summary Judgment; (2) Statement of Facts in Support of Motion for Summary Judgment; and (3) Exhibits to Statement of Facts in Support of Motion for Summary Judgment. (Dkt. No. 272).[1]

2. In support of said motion, Defendants argue that their "Motion for Summary Judgment, Statement of Facts, and Exhibits, reference extensive confidential testimony and documents covered by this Court's Protective Order entered on May 8, 2019 (See Dkt. No. 072), with the majority of the Exhibits containing excerpts from confidential documents. *See also* Order dates June 5, 2020 at Dkt. No. 188; Sealed Order dated December 11, 2020 at Dkt. No. 271." (Dkt. No. 272).

3. "A party seeking to seal a judicial record bears the burden of overcoming th[e] strong presumption [in favor of public access] by meeting the 'compelling reasons' standard." *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (citing *Foltz v. State Farm Mutual Auto. Insurance Company,* 331 F.3d 1122, 1135 (9th Cir.2003)). "That is, the party must articulate[ ] compelling reasons supported by specific factual findings, that outweigh the general history of access and the public policies favoring disclosure, such as the public interest in understanding the judicial process." *Kamakana*, 447 F.3d at 1178-79 (internal citations and quotations omitted).

4. "In turn, the court must 'conscientiously balance[ ] the competing interests' of the public and the party who seeks to keep certain judicial records secret." *Id.* at 1179 (quoting *Foltz,* 331 F.3d at 1135). "After considering these interests, if the court decides to seal certain judicial records, it must 'base its decision on a compelling reason and articulate the factual basis for its ruling, without relying on hypothesis or conjecture.'" *Id.* (quoting *Hagestad v. Tragesser,* 49

---

[1] On December 18, 2020, Defendants filed a separate Motion to Seal 14 additional "non-electronic exhibits" under seal. (Dkt. No. 276).

F.3d 1430, 1434 (9th Cir.1995) (citing *Valley Broadcasting Co. v. U.S. Dist. Ct.,* 798 F.2d 1289, 1295 (9th Cir.1986))

5. The "strong presumption of access to judicial records applies fully to dispositive pleadings, including motions for summary judgment and related attachments." *Kamakana*, 447 F.3d at 1179. The Ninth Circuit has adopted this "principle of disclosure" because "the resolution of a dispute on the merits, whether by trial or summary judgment, is at the heart of the interest in ensuring the 'public's understanding of the judicial process and of significant public events.'" *Id.* (quoting *Valley Broadcasting,* 798 F.2d at 1294; *accord Foltz,* 331 F.3d at 1135–36 (noting that " 'summary judgment adjudicates substantive rights and serves as a substitute for trial' ") (quoting *Rushford v. The New Yorker Magazine,* 846 F.2d 249, 252 (4th Cir.1988)). "Thus, 'compelling reasons' must be shown to seal judicial records attached to a dispositive motion." *Id.* (citing *Foltz,* 331 F.3d at 1136). "The 'compelling reasons' standard is invoked even if the dispositive motion, or its attachments, were previously filed under seal or protective order." *Id.* (citing Foltz, 331 F.3d at 1136)

6. Defendants in this case have not even attempted to articulate a compelling reason for filing their motion for summary judgment, statement of facts, or accompanying exhibits under seal. In fact, as the Ninth Circuit has explicitly held, "the "the presumption of access is not rebutted where documents which are the subject of a protective order are filed with the court as attachments to summary judgment motions" and that "to retain any protected status for documents attached to a summary judgment motion, the proponent must meet the 'compelling reasons' standard and not the lesser 'good cause' determination." *Foltz v. State Farm Mutual Auto. Insurance Company,* 331 F.3d 1122, 1135 (9th Cir.2003).

7. Defendants qualified immunity defense makes their request to file under seal particularly egregious. If, for example, the Court find that a question of fact exists as to whether the officers

used excessive force, but dismisses Plaintiff's claim based on qualified immunity grounds, any future case with substantially similar facts would also get dismissed on qualified immunity grounds since this case was concealed from public view. Sealing motions for summary judgment (and supporting exhibits) in cases such as this would defeat any potential justification for granting immunity in the first place. If sealing these filings were common practice, it is difficult to imagine how Plaintiff could possibly be expected to establish that existing precedent has placed the constitutional question beyond debate, where those cases do not exist in the public record. Defendant's request to seal these filings in wholly inappropriate and unwarranted under the circumstances. See e.g., *Demaree v. Pederson*, 887 F.3d 870, 884 (9th Cir. 2018).

8. Because Defendants have failed to meet their burden of establishing a articulating a compelling reason for sealing its Motion for Summary Judgment, Statement of Facts, and Exhibits, the presumption of public access must prevail and Defendants' Motion(s) to Seal must be denied.

For the foregoing reasons, Plaintiff respectfully requests that this Court deny Defendants' Motion(s) to Seal (Dkt. 272, 276).

Respectfully submitted this 21st day of December 2020.

        PRICE LAW GROUP, APC
        */s/David A. Chami*
        David A. Chami, AZ #027585

        THE LAW OFFICES OF HAYTHAM FARAJ, PLLC
        Haytham Faraj, CA #2914186

        Attorneys for Plaintiff

## **CERTIFICATE OF SERVICE**

I hereby certify that on December 21, 2020, I electronically filed the foregoing document with the Clerk of the Court using the ECF system. Notice of such filing will be sent to all attorneys of record in this matter. Since none of the attorneys of record are non-ECF participants, hard copies of the foregoing have not been provided via personal delivery or by postal mail.

                                PRICE LAW GROUP, APC

                                */s/ Florence Lirato*