IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Mussalina Muhaymin,<br><br>    Plaintiff,<br><br>v.<br><br>City of Phoenix, et al.,<br><br>    Defendants. | No. CV-17-04565-PHX-SMB<br><br>**ORDER** |

Pending before the Court is Plaintiff's Motion for Leave to File Second Amended Complaint (Doc. 192) to which Defendants have responded (Doc. 197) and Plaintiff replied (Doc. 211). For the reasons discussed below, the motion will be denied.

**I.    LEGAL STANDARD**

Generally, Federal Rule of Civil Procedure ("Rule") 15(a) governs a motion to amend pleadings, but Rule 16 governs first once the district court has filed a pretrial scheduling order. See Cameron v. Avalon Mobility Inc., No. CV-15-00963-PHX-JAT, 2018 WL 704326, at *1 (D. Ariz. Feb. 5, 2018). When there is a Scheduling Order, the "ability to amend [a] complaint [is] governed by Rule 16(b), not Rule 15(a)." Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 608 (9th Cir. 1992). "Moreover, a district court may deny as untimely an amendment motion filed after the scheduling order's cut-off date where no request to modify the order has been made." Capuano v. Kenneth Eisen & Assocs., Ltd., No. CV-11-02395-PHX-JAT, 2012 WL 2376675, at *1 (D. Ariz. June 22, 2012) (citing Johnson, 975 F.2d at 608-09).

If the Court finds "good cause" to modify the scheduling order, then the Court should look to Rule 15 to determine if the motion should be granted. "After a party has amended a pleading once as a matter of course, it may only amend further after obtaining leave of the court, or by consent of the adverse party." Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1051 (9th Cir. 2003) (citing Fed. R. Civ. P. 15(a)). "Generally, Rule 15 advises the court that leave shall be freely given when justice so requires." Id. (quotation marks omitted). "The power to grant leave to amend . . . is entrusted to the discretion of the district court, which determines the propriety of a motion to amend by ascertaining the presence of any of four factors: bad faith, undue delay, prejudice to the opposing party, and/or futility." Weber v. Allergan Inc., No. CV-12-02388-PHX-SRB, 2016 WL 8114210, at *2 (D. Ariz. Feb. 17, 2016) (quotation marks omitted) (citing Serra v. Lappin, 600 F.3d 1191, 1200 (9th Cir. 2010)). Granting a motion to amend is a matter of the court's discretion, Skinner v. Ryan, No. CV-12-1729-PHX-SMM (LOA), 2013 WL 3967619, at *1 (D. Ariz. Aug. 2, 2013), and discretion "is especially broad where the court has already given a plaintiff one or more opportunities to amend his complaint." Id. (quoting DCD Programs, Ltd. v. Leighton, 833 F.2d 183, 187 n.3 (9th Cir. 1987)); see also Ascon Prop., Inc. v. Mobil Oil Co., 866 F.2d 1149, 1160 (9th Cir. 1989) ("The district court's discretion to deny leave to amend is particularly broad where the plaintiff has previously amended the complaint."). "After a party has amended a pleading once as a matter of course, it may only amend further after obtaining leave of the court, or by consent of the adverse party." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (citing Fed. R. Civ. P. 15(a

## II.    DISCUSSION

This case was filed on December 8, 2017 and the Complaint included fourteen claims. Plaintiff filed her First Amended Complaint on January 17, 2018 which included fifteen claims. The Court's first scheduling order was issued on March 27, 2018 with input from the parties and set the deadline to amend at May 15, 2018. On February 20, 2019, this Court dismissed Counts V and VI of Plaintiff's First Amended Complaint,

alleging Municipal Liability pursuant to 42 U.S.C. § 1983, for failure to state a claim. Plaintiff did not ask for leave to amend in response to Defendants motion to dismiss, the Court did not sua sponte grant leave to amend, and Plaintiff did not file a motion to amend.

A new scheduling order was issued on March 6, 2019, again with input from the parties. In the parties' joint report to the Court (Doc. 69), Plaintiff indicated they may seek to amend the pleadings to add additional parties and requested a deadline of July 26, 2019. The Court set a deadline of June 3, 2019 to amend the pleadings. The parties filed other requests to extend deadlines but no request to extend the deadline to amend pleadings was made until this motion, filed one year after the deadline passed and 2 ½ years after the case was filed.

Plaintiff argues that, through discovery, she has learned of evidence to support Monell liability on the City of Phoenix for its failure to train officers. Plaintiff argues that it was not until the City of Phoenix's 30(b)(6) deposition on May 19, 2020 that she learned the details of training to form the basis of the proposed amendment. Although the Court is aware of some of the delays in scheduling depositions of officers in this case, Plaintiff has provided no explanation why the 30(b)(6) deposition was delayed so long.

Defendants provided evidence related to the timing of interviews. Most interviews were completed by late September 2019. Plaintiff did not seek leave to amend at that time. It was not until February 2020 that Plaintiff sought the deposition of Rule 30(b)(6) witnesses.

Plaintiff knew that training discovery was an issue as of February 20, 2019 and yet waited a year before requesting the deposition of the Rule 30(b)(6) witness, which was ultimately not scheduled until May 19, 2020. It is unclear why there was an additional 3 months delay.

Here, Plaintiff seeks to file a motion that is untimely under both scheduling orders in this case. Plaintiff has failed to present any showing of excusable neglect that would justify her failure to timely file her motion to extend time. See, e.g., Tomkins v. Schmid Sys., Inc., 2005 WL 2592576 No. CV 03-335-TUC-CKJ, at *6 (D. Ariz. Oct. 13, 2005)

(the district court found that an extension of time may only be granted "for excusable neglect" if the request for an extension is made after the deadline.)

As discussed above, Defendant failed to demonstrate the diligence necessary to meet Rule 16's "good cause" requirement. Therefore, the Court declines to exercise its discretion to modify the Rule 16 Scheduling Order, and an analysis under Rule 15(a) is unnecessary. See, e.g., Sosa v. Airprint Sys., Inc., 133 F.3d 1417, 1419 (11th Cir. 1998) (holding that the Court need not evaluate Rule 15(a) unless the movant first meets the "good cause" requirement of Rule 16).

Plainitff's have also asked for the Court to unseal the pleadings. Based on past problems in this case with violation of the protective order, Plaintiff's request will be denied. The pleadings will be unsealed at a later date.

### III.   CONCLUSION

**IT IS ORDERED** denying Plaintiff's Motion for Leave to File Second Amended Complaint (Doc. 192).

**IT IS FURTHER ORDERED** denying Plaintiff's request to unseal Docs. 192, 197 and 211. This order will be filed unsealed as there are no confidential facts cited in the order.

Dated this 26th day of March, 2021.

_____
Honorable Susan M. Brnovich
United States District Judge