David A. Chami, AZ #027585
PRICE LAW GROUP, APC
8245 N. 85th Way
Scottsdale, AZ 85258
T: (818) 600-5515
F: (818) 600-5415
david@pricelawgroup.com

Haytham Faraj , CA #291416
Admitted *pro hac vice*
LAW OFFICES OF HAYTHAM FARAJ
1935 W Belmont Ave.
Chicago, IL 60657
T: (312) 635-0800
F: (202) 280-1039
haytham@farajlaw.com

Attorneys for Plaintiff

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Mussalina Muhaymin as Personal Representative of the Estate of Muhammad Abdul Muhaymin Jr., <br><br> Plaintiff, <br><br> v. <br><br> City of Phoenix, an Arizona Municipal Corporation, *et al.*, <br><br> Defendants. | Case No.: CV-17-04565-PHX-SMB <br><br> **PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION TO CONTINUE ORAL ARGUMENT ON DEFENDANTS' MOTION FOR SUMMARY JUDGMENT** |

Plaintiff Mussalina Muhaymin ("Plaintiff"), through undersigned counsel, hereby submits her Response to Defendants City of Phoenix, Antonio Tarango, Oswald Grenier, Kevin McGowan, Jason Hobel, Ronaldo Canilao, David Head, Susan Heimbigner, James Clark, Dennis

Leroux, Ryan Nielsen and Steven Wong's (collectively the "Defendants") Motion to Continue Oral Argument on Defendants' Motion for Summary Judgment [doc. 304] ("Motion"). Defendants' Motion constitutes a poorly disguised request that the Court consider improper, additional briefing on Defendants' fully briefed Motion for Summary Judgment. As described below, granting Defendants' Motion would be contrary to the purpose of summary judgment as established by the Supreme Court, and unfairly prejudicial to Plaintiff's case, allowing Defendants to present additional arguments for summary judgment not identified in the original summary judgment motion.

As this Court correctly noted just last year, "a party moving for summary judgment must raise, in its initial motion, all of the grounds on which it is seeking relief." *Udd v. City of Phoenix*, No. CV-18-01616-PHX-DWL, 2020 WL 1536326, at *8 (D. Ariz. Mar. 31, 2020). This requirement acts as "a key limitation on a district court's power to enter summary judgment [by ensuring that the] power may be exercised only 'so long as the losing party was on notice that she had to come forward with all of her evidence.'" *Id.* (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 326, 106 S. Ct. 2548, 2554, 91 L. Ed. 2d 265 (1986)).

Defendants attempt to sidestep this important requirement by asking that the Court wait to rule on Defendants' fully briefed Motion for Summary Judgment until Defendants have had time to submit additional arguments regarding the impact of Plaintiff's expert witness on the issue of summary judgment.[1] This is facially improper. Defendants were required to make any

---

[1] This improper request for more pages is in addition to its granted motion to exceed the page limitation set forth in the local rules. *See* docs. 270, 280.

and all arguments in support of summary judgment in their original summary judgment motion. *See Udd*, 2020 WL 1536326, at *8.

In addition to being facially inappropriate, Defendants' attempt to comingle the separate issues of summary judgment and expert preclusion/limitation under *Daubert* is incredibly prejudicial to Plaintiff's case. Had Defendants raised issues regarding the necessity of Plaintiff's expert to surviving summary judgment in their original motion, Plaintiff would have made the strategic decision to introduce evidence into the record relevant to issues testified to by Plaintiff's expert, using a certain number of the allowed pages.

The instant situation represents the quintessential purpose of page limits in legal briefing. Defendants were afforded forty pages in which to notify Plaintiff of all potential areas of insufficiency in her case. Plaintiff was afforded forty pages to respond to this notification by presenting relevant evidence on the issues raised. If Defendants believed that exclusion of Plaintiff's expert would be dispositive of Plaintiff's claims, they were required to notify Plaintiff of such in their summary judgment motion. *See Udd*, 2020 WL 1536326, at *8 ("summary judgment […] power may be exercised only 'so long as the losing party was on notice that she had to come forward with all of her evidence.'") (quoting *Celotex Corp.*, 477 U.S. at 326).

Having failed to affirmatively present the entirety of its summary judgment arguments within the allotted forty pages, Defendants now seek to create an inappropriate "back door" through which to sneak additional argument, after Plaintiff's window to introduce additional

relevant evidence in response has closed.[2] This is neither the purpose of a *Daubert* motion, nor an appropriate approach to summary judgment motion practice.

For these reasons, Plaintiff respectfully requests that the Court deny Defendants' Motion and included request that the Court comingle the issues of summary judgment and *Daubert* determination. The parties' arguments regarding summary judgment have been fully briefed, and are not reliant on the Court's determination of Defendants' *Daubert* motion. No legitimate purpose is served by waiting for Defendants to submit additional briefing (which the Court may not consider) in order to include additional arguments that were not properly submitted in the original Motion for Summary Judgment.

Respectfully submitted this 7th day of April, 2021.

                                                **PRICE LAW GROUP, APC**

                                                By:  /s/ David A. Chami
                                                David A. Chami, AZ #027585
                                                david@pricelawgroup.com
                                                Attorneys for Plaintiff

---

[2] This is especially prejudicial here because if the Court were to exclude Plaintiff's expert, or limit his testimony, Plaintiff would have the opportunity at trial to introduce all evidence relevant to the issues regarding which Plaintiff's expert has opined. Armed with such evidence, the jury could reasonably still come to a conclusion consistent with the opinion of Plaintiff's expert witness. If, however, the Court considers Defendants' summary judgment and *Daubert* motions simultaneously, and decides the summary judgment motion after granting the *Daubert* motion, Plaintiff's claim will be adjudicated without the benefit of all relevant evidence which would be available to the jury. This, again, runs directly contrary to the requirements for summary judgment. *Udd*, 2020 WL 1536326, at *8 ("summary judgment […] power may be exercised only 'so long as the losing party was on notice that she had to come forward with all of her evidence.'") (quoting *Celotex Corp.*, 477 U.S. at 326).

## **CERTIFICATE OF SERVICE**

I hereby certify that on April 7, 2021, I electronically filed the foregoing with the Clerk of the Court using the ECF system, which will send notice of such filing to all attorneys of record in this matter. Since none of the attorneys of record are non-ECF participants, hard copies of the foregoing have not been provided via personal delivery or by postal mail.

*/s/ Florence Lirato*