David A. Chami, AZ #027585
PRICE LAW GROUP, APC
8245 N. 85th Way
Scottsdale, AZ 85258
T: (818) 600-5515
F: (818) 600-5415
david@pricelawgroup.com

Haytham Faraj, CA #291416
Admitted *pro hac vice*
LAW OFFICES OF HAYTHAM FARAJ
1935 W Belmont Ave.
Chicago, IL 60657
T: (312) 635-0800
F: (202) 280-1039
haytham@farajlaw.com

Attorneys for Plaintiff

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Mussalina Muhaymin as Personal Representative of the Estate of Muhammad Abdul Muhaymin Jr.,<br><br>    Plaintiff,<br><br>v.<br><br>City of Phoenix, an Arizona Municipal Corporation, *et al.*,<br><br>    Defendants. | Case No.: CV-17-04565-PHX-SMB<br><br>**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO SEAL NOTICE OF VIOLATIONS OF ARIZ. R. PROF. COND. E.R. 4.2 & 3.6, AND LOCAL RULE OF CIVIL PROCEDURE 83.8 AND MOTION FOR SANCTIONS** |

Plaintiff, Mussalina Muhaymin as Personal Representative of the Estate of Muhammad Abdul Muhaymin, Jr. ("Plaintiff"), hereby submits her Opposition to Defendants City of Phoenix, Antonio Tarango, Oswald Grenier, Kevin McGowan, Jason

Hobel, Ronaldo Canilao, David Head, Susan Heimbigner, James Clark, Dennis Leroux, Ryan Nielsen and Steven Wong's ("Defendants") Motion [doc. 329] ("Motion") to Seal Notice of Violations of Ariz. R. Prof. Cond. E.R. 4.2 & 3.6, and Local Rule of Civil Procedure 83.8 and Motion for Sanctions ("Motion for Sanctions"), and states the following:

As this Court has noted, "[i]t has long been recognized that the public has a general right of access 'to inspect and copy ... judicial records and documents.'" *PCT Int'l Inc. v. Holland Elecs. LLC*, No. CV-12-01797-PHX-JAT, 2014 WL 4722326, at *1 (D. Ariz. Sept. 23, 2014) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597, 98 S.Ct. 1306, 55 L.Ed.2d 570 (1978). "This right extends to all judicial records except those that have 'traditionally been kept secret for important policy reasons,' namely grand jury transcripts and certain warrant materials." *PCT Int'l Inc.*, 2014 WL 4722326, at *1 (quoting *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir.2006). "Unless a particular court record is one 'traditionally kept secret,' a 'strong presumption in favor of access' is the starting point." *PCT Int'l Inc.*, 2014 WL 4722326, at *1 (quoting *Kamakana*, 447 F.3d at 1178 (citing *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir.2003))).

"A party seeking to seal a judicial record then bears the burden of overcoming this strong presumption by meeting the 'compelling reasons' standard." *PCT Int'l Inc.*, 2014 WL 4722326, at *1 (quoting *Kamakana*, 447 F.3d at 1178 (citing *Foltz*, 331 F.3d at 1135)). "The party must 'articulate compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring

disclosure, such as the public interest in understanding the judicial process.'" *PCT Int'l Inc.*, 2014 WL 4722326, at *1 (quoting *Kamakana*, 447 F.3d at 1178–79 (internal quotation marks and citations omitted)).

"A court deciding to seal judicial records must 'base its decision on a compelling reason and articulate the factual basis for its ruling, without relying on hypothesis or conjecture.'" *PCT Int'l Inc.*, 2014 WL 4722326, at *1 (quoting *Kamakana*, 447 F.3d at 1179 (quoting *Hagestad v. Tragesser*, 49 F.3d 1430, 1434 (9th Cir.1995))

Pertinent here, "[t]he presumption of public access is not rebutted merely because 'documents subject to a protective order are filed under seal as attachments….'" *PCT Int'l Inc.*, 2014 WL 4722326, at *1 (quoting *Foltz*, 331 F.3d at 1136). "A party seeking to seal a judicial record must still meet its heavy burden of demonstrating compelling reasons exist for sealing." *PCT Int'l Inc.*, 2014 WL 4722326, at *1 (citing *Kamakana*, 447 F.3d at 1179).

Defendants fail to even attempt to meet this "heavy burden" in their Motion, which simply cites to the stipulated protective order governing discovery in this case and seems to expect that the Court will shirk its duty in requiring that the strong "presumption of public access" be rebutted. This Court deemed such conclusory "argument" insufficient in *PCT Int'l. Inc.*, where the parties' motions to seal relied principally "upon the parties' prior designations of documents as confidential pursuant to the Court's Protective Order." *PCT Int'l Inc.*, 2014 WL 4722326, at *1. Here, as in *PCT Int'l. Inc.*, "[t]he Protective Order applies only to discovery…" *Id.*

Therefore, Defendants must make a separate showing that the Motion should be sealed from public view. This Defendants cannot do. Defendants' Motion for Sanctions represents yet another baseless attack on the free speech rights of Plaintiff and her counsel, containing blatant falsehoods and gross mischaracterizations. Regardless, there is absolutely nothing in the body of the Motion for Sanctions or the unsupported accusations therein that warrants sealing the motion from the public's view. If Defendants wish to level slanderous allegations against Plaintiff and her counsel, they are required to do so publicly.

None of the information set forth in the Motion for Sanctions is confidential, and **all** of the information contained therein is public record. The majority of the Motion for Sanctions takes issue with a letter, written by Plaintiff's counsel **to Plaintiff's city representatives**,[1] demanding political action in the case of her brother's death at the hands of Defendant Officers. *See* Motion, pg. 4-6. The **only** piece of information that Defendants claim to actually be confidential in its Motion for Sanctions is the **undisputed fact** that one of the Defendant Officers received a promotion after Mr. Muhaymin's death. This has been public knowledge for nearly a year.[2] Furthermore, the information related to the promotion came from a news media outlet performing an inquiry regarding one of the officers named in an expose related to Phoenix police officers involved in making racist

---

[1] *See* U.S. Const. amend. I (guaranteeing the right to petition the government); see also Ariz. Const. art. 2, §5(same).

[2] S*ee* Body cam video released in 2017 police killing of Muhammad Muhaymin Jr: 'Allah? He's not going to help you', Religion News Service (2020), https://religionnews.com/2020/08/20/body-cam-video-muhammad-muhaymin-police-please-allah-help-cant-breathe-black-muslim/ (last visited May 4, 2021)

statements on social media.[3] The story clearly identifies one of the officers by name and states that he is now a Sergeant.

Furthermore, employment information of Arizona's public servants, including law enforcement officers, is public record, which is presumptively available to the Arizona public. "Arizona law defines 'public record' broadly and creates a presumption requiring the disclosure of public documents." *Am. Civil Liberties Union of Ariz. v. Ariz. Dep't of Child Safety*, 377 P.3d 339, 344 (Ariz. Ct. App. 2016) (citing A.R.S. § 39). "[D]ocuments having a 'substantial nexus' with a government agency's activities qualify as public records." *Am. Civil Liberties Union of Ariz.*, 377 P.3d at 344 (quoting *Griffis v. Pinal County*, 215 Ariz. 1, 4 (Ariz. 2007)). The rank of law enforcement officers certainly has a "substantial nexus" to government activities, as it dictates the relative authority of personnel on the police force, and identifies those public servants to whom the public may go with complaints about subordinates.

This presumption of disclosure is only rebutted by statutory exception or where documents are "of a purely private or personal nature" *Am. Civil Liberties Union of Ariz.*, 377 P.3d at 344 (citing *Griffis*, 215 Ariz. at 4); *See also Scottsdale Unified School Dist. v. KPNX BC,* 191 Ariz. 297, 299 (Ariz. 1998) (holding that a public employee's date of birth was purely private information, and therefore not public record). It cannot reasonably be argued that a change in a police officer's rank is "purely private or personal." Officers are

---

[3]   https://www.phoenixnewtimes.com/news/phoenix-police-sergeants-officers-disciplined-facebook-posts-muslims-11373173

1  public servants, and the responsibilities and authorities inherent in positions of different
2  rank have nothing to do with an officer's personal or private life.
3
4  Defendants' Motion fails to assert a compelling argument why the Motion for
5  Sanctions, containing no confidential information whatsoever, should be sealed from the
6  public. This is fatal to Defendants' request. Defendants are required to "articulate
7  compelling reasons supported by specific factual findings that outweigh the general
8  history of access and the public policies favoring disclosure…'" *PCT Int'l Inc.*, 2014 WL
9
10 4722326, at *1 (quoting *Kamakana*, 447 F.3d at 1178–79. Having failed to do so,
11 Defendants are not entitled to have the Court hide their insidious slander and baseless
12 character attacks from the public. Plaintiff will respond to the request for sanctions in
13 timely fashion.
14
15     Respectfully submitted this 4th day of May, 2021.

**PRICE LAW GROUP, APC**

By: /s/ David A. Chami
David A. Chami, AZ #027585
david@pricelawgroup.com
Attorneys for Plaintiff

## **CERTIFICATE OF SERVICE**

I hereby certify that on May 4, 2021, I electronically filed the foregoing with the Clerk of the Court using the ECF system, which will send notice of such filing to all attorneys of record in this matter. Since none of the attorneys of record are non-ECF participants, hard copies of the foregoing have not been provided via personal delivery or by postal mail.

*/s/ Florence Lirato*