Gregg P. Leslie, Gregg.Leslie@asu.edu, Bar # 035040*
Tayler Brown, tbrown45@asu.edu**
First Amendment Clinic, Public Interest Law Firm
Arizona State University Sandra Day O'Connor College of Law
111 E. Taylor St., Mail Code 8820
Phoenix, AZ 85004
Telephone: (804) 727-7398
* Certified supervising attorney pursuant to L.R. Civ. 83.4(e)
** Certified limited practice student pursuant to L.R. Civ. 83.4(e)
*Attorneys for Intervenor The Associated Press*

# UNITED STATES DISTRICT COURT
# DISTRICT OF ARIZONA

| | |
|---|---|
| Mussalina Muhaymin et al., | No. CV-17-0465-PHX-DLR |
| *Plaintiffs*, | **MOTION TO INTERVENE BY THE ASSOCIATED PRESS FOR THE LIMITED PURPOSE OF CHALLENGING SEALING OF RECORDS, AND MOTION TO UNSEAL RECORDS** |
| v. | |
| City of Phoenix et al., | |
| *Defendants*. | **ORAL ARGUMENT REQUESTED** |

The Associated Press ("AP") respectfully moves to intervene for the limited purpose of protecting the public's First Amendment and common law rights of access to judicial documents. AP is a global news agency whose members include approximately 1,500 daily newspapers and 25,000 broadcast news outlets throughout the United States, reaching a subscriber base that includes newspapers, broadcast stations, news networks, and online information distributors in 116 countries.

This motion is a challenge to the widespread sealing prevalent in this case, which ignores both this Court's rules on sealing documents and the long-established Ninth Circuit precedent regarding the presumptive openness of court documents.

Specifically, AP seeks to unseal a large number of sealed documents, which can be combined into several "buckets" for consideration, as described below. Importantly, the filings related to the Defendant's Motion for Summary Judgment, ECF Nos. 273, 274, 291, 292, 298, 332, 352, including the Order Granting in Part and Denying in Part the Motion for Summary Judgment, ECF No. 352, are of the greatest interest to Intervenor. While the Ninth Circuit has been clear that even discovery documents attached to non-trivial motions are presumptively open, *see Ctr. for Auto Safety v. Chrysler Group, LLC*, 809 F.3d 1092, 1099 (9th Cir. 2016), this Court – while this case was handled by another judge who has since recused herself – has taken the highly unusual step of sealing the briefing and Order on a dispositive motion, without choosing the more narrowly tailored solution of simply redacting any sensitive information.

The public and the press have a presumed right of access to court proceedings and documents under the First Amendment. *Oregonian Publ'g Co. v. U.S. Dist. Ct.*, 920 F.2d 1462, 1465 (9th Cir. 1990) (citing *Press–Enterprise Co. v. Superior Ct.*, 464 U.S. 501, 510 (1984) ("*Press–Enterprise I*")); *see also Phoenix Newspapers, Inc. v. U.S. Dist. Court*, 156 F.3d 940, 949 (9th Cir. 1998). The Ninth Circuit has also specifically found a "strong presumption of public access" to exhibits attached to motions "more than tangentially related to the merits of a case." *Ctr. for Auto Safety*, 809 F.3d at 1099, 1101; *see also Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006).

The motions and exhibits sealed in this case relate to matters of great public concern, including allegations of police misconduct resulting in death.

In the present case, the Court must recognize two important failures: First, there has been a failure by the Court to engage in procedures necessary to seal court records – public notice and hearing – that protect the public's constitutional and common law rights of access to such records. *Phoenix Newspapers*, 156 F.3d at 949. Second, the Court has made no on-the-record findings that demonstrate closure is necessary to protect a compelling interest, that closure is necessary to avoid harm to that interest, and that there are no alternatives to closure. *Id.*; *Oregonian Publ'g Co.*, 920 F. 3d at 1466. It is critical to this matter to acknowledge that the "compelling reason" standard for sealing a court record is significantly higher than the simple "good cause shown" standard that justifies a protective order for *unfiled* discovery documents. *See Kamakana*, 447 F.3d at 1180.

Therefore, AP respectfully requests that its Motion to Intervene be granted, that all filed documents and exhibits related to the Motion for Summary Judgment be promptly unsealed, and that a plan be put in place to unseal the remaining sealed documents. In the alternative, any continued sealing of the documents or exhibits must be supported on the record through specific findings of fact as to what compelling interests outweigh the public's interest in access. *Phoenix Newspapers*, 156 F.3d at 949.

This Motion is supported by the following memorandum.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**<u>Introduction and Background</u>**

Jacques Billeaud, a reporter for AP, has been reporting on and monitoring the litigation arising from Mr. Muhaymin's death since December 19, 2017. In all, AP has published eight stories, including two written by Billeaud, on Muhaymin's death from January 5, 2017, to August 7, 2021. Phoenix police had released some information on the encounter to reporters, including some body camera footage.

Beginning in late 2020, Billeaud began noticing that documents related to a summary judgment motion in this case were sealed. Billeaud asked the court clerk's office for dial-in access to the May 4, 2021, summary judgment hearing, but he learned that the court sealed the hearing. On August 31, 2021, Billeaud discovered that the Order on the Motion for Summary Judgment was sealed.

Given that not all of the video from Muhaymin's fatal encounter with police has been publicly released, AP is interested in learning what the summary judgment order says about the unreleased footage. AP is also interested in hearing the court's conclusions on the physical evidence and actions of both Muhaymin and the officers who were at the scene.

A large number of documents and exhibits have been filed under seal, without meeting the substantive and procedural requirements for sealing. The Court, in sealing these documents after finding "good cause appearing," relied heavily upon the language of the Court's Protective Order, ECF No. 72, which provides for the sealing of documents with "good cause shown." However, a much more substantial standard of a

"compelling interest" or "compelling reason" is required before court documents can be sealed, as discussed below.

The parties' actions in sealing the records may well have complied with the *procedure* for sealing under L.R. Civ. 5.6. But that rule also requires a "clear statement of the facts and legal authority justifying the filing of the document under seal," L.R. Civ. 5.6(b), and the repeated requests for and orders granting sealing do not address the *substantive* law governing the common law and constitutional right of access to court documents.

**Description of Requested Relief**

AP therefore requests that this Court unseal the following groups of documents with appropriate redactions for any compelling interests that would overcome the presumptive right of access. These requests for unsealing are arranged by priority, acknowledging the work involved in reviewing all of the sealed filings in this case:

1. <u>Motion for Summary Judgment Briefing, Hearing, and Decision</u>: These documents include Defendants' Motion for Summary Judgment, ECF No. 273, Defendants' Separate Statement of Facts in Support of Motion for Summary Judgment, ECF No. 274, Plaintiff's Opposition, ECF No. 291, Plaintiff's Statement of Disputed Facts & Statement of Facts in Support of Opposition, ECF No. 292, Defendants' Reply, ECF No. 298, the Court's Minute Entry for Hearing, ECF No. 332, and the Court's Opinion Granting in Part & Denying in Part Defendants' Motion for Summary Judgment, ECF No. 352. These documents also include the transcript of the Court's hearing on the Motion for

Summary Judgment. The Court sealed all filings related to summary judgment for "good cause appearing," and stated that sealing "will be reconsidered after hearing from counsel at oral argument on the motion for summary judgment." Order Granting Motion & Sealing, ECF No. 287; *see also* Minute Order, ECF No. 324 ("[T]he Motion Hearing presently set on the public docket for May 4, 2021 shall be sealed and closed to the public because the pleadings are sealed."). **These documents are the highest priority and should require few redactions.**

2. Motions for Sanctions Briefing, Supporting Materials, Hearing, and Decision: These documents include Defendants' Expedited Motion for Protective Order & Motion for Sanctions (and all attached exhibits), ECF No. 237, and Defendants' Reply in Support (and all attached exhibits), ECF No. 251, as well as the Court's Order Setting Oral Argument, ECF No. 263, the Court's Minute Entry for Hearing, ECF No. 265, and the Court's Order Granting in Part and Denying in Part Defendants' Expedited Motion for Protective Order and Motion for Sanctions, ECF No. 271. These documents also include the transcript of the Court's hearing on the Expedited Motion for Protective Order & Motion for Sanctions, as well as Defendants' Subsequent Notice and Motion for Sanctions (and all attached exhibits), ECF Nos. 330, 335. The Court sealed these filings for "good cause appearing." Orders Granting Motions & Sealing, ECF Nos. 238, 290, 334. **These documents are also a high priority.**

3. <u>Supporting Materials for Motion for Summary Judgment</u>: These documents include the electronic and non-electronic exhibits filed by the Defendants in support of their motion for summary judgment as well as the electronic and non-electronic exhibits field by the Plaintiff in opposition. *See* Defendants' Exhibits to Statement of Facts in Support of Motion for Summary Judgment, ECF No. 275; Defendants' Notice re: Filing Sealed Non-Electronic Exhibits, ECF No. 282; Plaintiffs' Index of Exhibits & Exhibits A through AA, ECF No. 292-1–28; Plaintiff's Motion for Leave to File Non-Electronic Exhibit, ECF No. 293. The Court sealed all filings related to summary judgment for "good cause appearing," and stated that sealing "will be reconsidered after hearing from counsel at oral argument on the motion for summary judgment." Order Granting Motion & Sealing 1, ECF No. 287. **These documents will take more time to evaluate by the parties, court, and Intervenor.**

4. All Other Improperly Sealed Filings:
    a) <u>Witness Admissibility Materials</u>: These documents include the parties' various motions to exclude expert and opinion testimony of *Dr. Bennet Omalu*, Defendants' Motion to Exclude, ECF Nos. 303, 313; Plaintiff's Response, ECF No. 319; Defendants' Reply, ECF No. 336, 346, *Greg Meyer*, Plaintiff's Motion to Exclude, ECF Nos. 307, 315; Defendants' Response, ECF Nos. 323, 327; Plaintiff's Reply, ECF No. 337, *Dr. Gary Vilke*, Plaintiff's Motion to Exclude, ECF Nos. 308, 316; Defendants' Response, ECF Nos. 322, 328; Plaintiff's Reply, ECF No.

338, and *Dr. Binh Ly*, Plaintiff's Motion to Exclude, ECF Nos. 306, 314, 317; Defendants' Response, ECF Nos. 321, 326; Plaintiff's Reply, ECF No. 339. The Court sealed these filings for "good cause appearing." Orders Granting Motions & Sealing, ECF Nos. 312, 325, 345.

    b) <u>Proposed Second Amended Complaint and Supporting Materials</u>: These documents include Plaintiff's Motion for Leave to File Second Amended Complaint & Supporting Documents (and all attached exhibits), ECF No. 192, Defendants' Response (and all attached exhibits), ECF No. 197, and Plaintiff's Reply, ECF Nos. 199, 211. The Court sealed these filings "[b]ased on part problems in this case with violation of the protective order," and stated that "[t]he pleadings will be unsealed at a later date." Order Denying Plaintiff's Motion for Leave to File Second Amended Complaint 4, ECF No. 301; *see also* Minute Entry, ECF No. 193.

    c) <u>Plaintiff's Demand Letters</u>: These documents include three letters from Plaintiff's counsel filed by Defendants as exhibits to their Memorandum and Supplement to Memorandum re: Confidential Designation of Deposition Transcripts and Videotapes. *See* Exhibits A & B to Memorandum re: Confidential Designation of City Defendants' Deposition Transcripts and Videotapes, ECF Nos. 116, 155; Exhibit A to Defendants' Supplement to Memorandum re: Confidential

8

Designation of Deposition Transcripts and Videotapes and Expedited Motion for Protective Order and Order to Cease/Desist and Remove Public Postings, ECF Nos. 181, 186. The Court sealed these filings for "good cause appearing." Orders Granting Motions & Sealing, ECF Nos. 154, 185.

    d) <u>Materials Related to Decedent's Minor Child</u>: These documents include a notice of deposition and state court documents regarding the appointment of a legal representative for decedent's minor child. *See* Notice of Deposition of A.M., ECF No. 99; Exhibits A & B to Petition to Appoint Legal Representative and Motion to Stay, ECF Nos. 135, 157; Exhibit A to Notice re: Pending Stipulation Motion for Appointment of Statutory Representative of Minor, ECF Nos. 160, 162; Exhibit A to Notice of Order Appointing Statutory Representative for Minor, ECF Nos. 167, 169; Exhibit A to Notice of Pending Stipulated Motion for Production, ECF Nos. 231, 235. The Court sealed these filings for "good cause appearing." Orders Granting Motions & Sealing, ECF Nos. 156, 161, 168, 234, 300.

## **ARGUMENT**

**I.  The press has a right to intervene for the limited purpose of moving to unseal documents.**

The press is routinely permitted to appear in criminal actions for the limited purpose of protecting the public's constitutional and common law rights of access to

judicial proceedings and records. *See Globe Newspaper Co. v. Superior Ct.*, 457 U.S. 596, 589–99 (1982) (requesting access to preliminary hearings); *Phoenix Newspapers*, 156 F.3d at 943 (requesting access to hearing transcripts).

The Ninth Circuit has also recognized "the press and other interested third parties retain their right to intervene and request that particular documents be unsealed." *United States v. Gurolla*, 333 F.3d 944, 953 (9th Cir. 2003); *see also United States v. Kaczysnki*, 154 F.3d 930, 931 (9th Cir. 1998) (noting appeal from "order granting in part the motion of intervenors-appellees," which were media parties seeking access to records).

A court in this district has also acknowledged:

> To the extent [precedent] cases imply, or even recognize, a right on the part of the press to intervene in a case, they can be read, collectively, to support a limited right that only attaches when court proceedings, and materials that are either filed or lodged with the court, are at issue.

*United States v. Loughner*, 807 F. Supp. 2d 828, 831–32 (D. Ariz. 2011). Courts in this district have granted orders permitting Motions to Intervene for the Limited Purpose of Moving to Unseal Documents several times in recent years. *See* Order, *United States v. Kareem*, No. CR-15-00707-1-PHX-SRB (D. Ariz. July 2, 2015), ECF No. 35; Minute Entry, *United States v. Warren*, No. CR-18-00223-001-TUC-RCC (D. Ariz. July 2, 2019), ECF No. 295.

AP has a strong and abiding interest in reporting news to the general public and has previously published news information on the events in this case in particular, as described earlier. Given its interest in accessing judicial records for reporting important news stories, AP should be allowed to intervene for the limited purpose described above.

**II. The public and press have a right of access to the sealed documents.**

    **A. The public and press have a right of access under the First Amendment, which is at its zenith when allegations of government misconduct and important matters of public concern are being kept secret.**

The Ninth Circuit has long recognized that "the public and press have a first amendment right of access to pretrial documents in general." *Associated Press v. U.S. Dist. Ct.*, 705 F.2d 1143, 1145 (9th Cir. 1983). The court also held that "[t]here is no reason to distinguish between pretrial proceedings and the documents filed in regard to them." *Id.* at 1145. "Under the first amendment, the press and the public have a presumed right of access to court proceedings and documents. . . . This presumed right can be overcome only by an overriding right or interest based on findings that closure is essential to preserve higher values and is narrowly tailored to serve that interest." *Oregonian Publ'g. Co.*, 920 F.2d at 1465 (citations and quotation marks omitted). Sealing is appropriate only if "(1) closure serves a compelling interest; (2) there is a substantial probability that, in the absence of closure, this compelling interest would be harmed; and (3) there are no alternatives to closure that would adequately protect the compelling interest." *Id.* at 1466; *see also Phoenix Newspapers*, 156 F.3d 940, 946 (recognizing a strong presumptive right to inspect judicial records and explaining that "[t]he value of openness lies in the fact that people not actually attending trials can have confidence that standards of fairness are being observed" (quoting *Press Enterprise I*, 464 U.S. at 508)); *Courthouse News Serv. v. Planet*, 750 F.3d 776, 785 (9th Cir. 2014)

(finding that the right of access to documents is "inextricably intertwined" with First Amendment right of free speech).

The "alternatives to closure" include the ability to redact documents rather than seal them. This is contemplated by Fed. R. Civ. P. 49.1(d) regarding sealing: "The court may later unseal the filing or order the person who made the filing to file a redacted version for the public record."

Furthermore, the decision to seal information related to police behavior makes the right of access even more relevant. The public interest in access is at its greatest when there are allegations of misbehavior, including judicial decisions to improperly seal documents. *See Oregonian Publ'g Co.*, 920 F.2d at 1465 (explaining that "whether public access to the proceeding would serve as a curb on prosecutorial or judicial misconduct" is an important consideration); *United States v. Smith*, 123 F.3d 140, 150 (3rd Cir. 1997) ("[W]e agree with the newspapers that there is a significant public interest in gaining access to proceedings that investigate allegations of government misconduct."); *Associated Press*, 705 F.3d at 1145 (pretrial documents "containing allegations . . . of government misconduct, are often important to a full understanding of the way in which 'the judicial process and the government as a whole' are functioning").

In the present case, the alleged conduct of law enforcement personnel is a profoundly important question that has gripped the public's attention. Transparency surrounding Mr. Muhaymin's trial is paramount to ensure public trust in both law enforcement agencies and our judicial system. The police actions that led to Mr. Muhaymin's unfortunate death bear some similarities to what occurred in the George

Floyd case in Minneapolis. Mr. Floyd's death sparked public outcry and led to worldwide demonstrations, and began a dialogue about police use of force throughout the United States. Mr. Muhaymin's death represents an important opportunity for community reflection and discussion surrounding the law enforcement practices within Phoenix, one of the largest cities in the United States. Sealing judicial records in this case only serves to undermine public scrutiny of those who hold power and authority, and destroys public trust in our institutions. Thus, the media's and public's interest in access to these sealed records is significant.

**B.  The Ninth Circuit has long recognized a presumptive right of access to exhibits attached to motions related to the merits of a case.**

The Ninth Circuit has established a presumptive right of public access to exhibits attached to pre-trial motions related to the merits of the case:

> We acknowledged explicitly . . . that the strong presumption of access to judicial records applies fully to dispositive pleadings, including motions for summary judgment and related attachments. We adopted this principle of disclosure because the resolution of a dispute on the merits, whether by trial or summary judgment, is at the heart of the interest in ensuring the "public's understanding of the judicial process and of significant public events." . . . . Thus, "compelling reasons" must be shown to seal judicial records attached to a dispositive motion.

*Kamakana*, 447 F.3d at 1179 (citations omitted). The court more recently clarified that this standard applies to more than just "dispositive" motions:

> Consistent with our precedent, we make clear that public access to filed motions and their attachments does not merely depend on whether the motion is technically "dispositive." Rather, public access will turn on whether the motion is more than tangentially related to the merits of a case. While many technically nondispositive motions will fail this test, some will pass. Our reading of the public access cases is consistent with our own case law, and more importantly, comports with the old tradition of ensuring public access which "antedates the Constitution and . . . is now beyond dispute."

13

*Ctr. for Auto Safety*, 809 F.3d at 1101 (citation and footnote omitted).

### C. The Ninth Circuit has explicitly stated that the "good cause" standard is insufficient to justify sealing documents filed in court.

The Ninth Circuit has also established that the lesser standard that justifies a protective order is not sufficient to then seal dispositive court documents. "The 'compelling reasons' standard is invoked even if the dispositive motion, or its attachments, were previously filed under seal or protective order." *Kamakana*, 447 F.3d at 1179. "A 'good cause' showing will not, without more, satisfy a 'compelling reasons' test." *Id*. at 1180; *see also Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1136 (9th Cir. 2003) ("[T]he presumption of access is not rebutted where, as here, documents subject to a protective order are filed under seal as attachments to a dispositive motion.").

It follows from this holding that an agreement to seal documents found in a stipulated protective order cannot negate the common law or constitutional right of the public to have a presumptive right of access to court documents.

**III.    No party has demonstrated that the records should be sealed.**

If a court contemplates sealing a document, it must balance competing interests of the public against the interest asserted by the party seeking to seal the judicial records; then, it must articulate on the record facts that support that compelling interest. *Kamakana*, 447 F.3d at 1181 (citing *Hagestad v. Tragesser*, 49 3.Fd 1430, 1435 (9th Cir. 1995)); *see also United States v. Bus. of Custer Battlefield Museum & Store Located at Interstate 90, Exit 514, S. of Billings, Mont.*, 658 F.3d 1188, 1195 (9th Cir. 2011) (holding that compelling reasons must outweigh the general history of access and the public policies favoring

14

disclosure). The factual findings articulated by the court cannot be based on hypothesis or conjecture. *Kamakana*, 447 F.3d at 1181. The factual basis must be "specific enough that a reviewing court can determine whether the closure order was properly entered." *Press–Enterprise Co. v. Superior Ct.*, 487 U.S. 1, 9–10 (1986) ("*Press–Enterprise II*"); *see Phoenix Newspapers*, 156 F.3d at 950 (finding a conclusory order denying access to hearing transcripts for generalized security concerns was not specific enough to justify closure).

The Court in this case has not articulated any justification for sealing the documents, other than repeatedly finding "good cause appearing" consistent with the Protective Order. Moreover, neither party has put forth any facts that justify sealing under the compelling reason standard. The generalized interests cited by the Defendants fail to meet the compelling reason standard required to seal court records. *Kamakana*, 447 F.3d at 1185 ("Simply invoking a blanket claim, such as privacy or law enforcement, will not, without more, suffice to exempt a document from the public's right of access.").

In addition, as discussed above at II.A., the court must find "there is a substantial probability that, in the absence of closure, this compelling interest would be harmed; and . . . there are no alternatives to closure that would adequately protect the compelling interest." *Oregonian Publ'g Co.*, 920 F. 3d at 1466. Again, as stated above, alternatives must include redactions of sensitive *portions* of a document instead of complete sealing. With no finding of compelling interests or reasons on the record, the Court has obviously not met the requirements of consideration of the effectiveness of closure or more narrow alternatives to closure. *Id.*

## **CONCLUSION**

For the foregoing reasons, the Court should grant AP's Motion to Intervene, and either disclose all sealed documents and exhibits or enter into the record particular facts as to why nondisclosure outweighs the public's presumption of access, after considering objections and alternatives.

Respectfully submitted this 17th day of September, 2021.

/s/ Gregg P. Leslie
Gregg P. Leslie
Tayler Brown
First Amendment Clinic, Public Interest Law Firm
Arizona State University Sandra Day O'Connor
   College of Law
111 E. Taylor St., Mail Code 8820
Phoenix, AZ 85004