# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Mussalina Muhaymin, et al., <br><br> Plaintiffs, <br><br> v. <br><br> City of Phoenix, et al., <br><br> Defendants. | No. CV-17-04565-PHX-DLR <br><br> **ORDER SETTING FINAL PRETRIAL CONFERENCE** |

**IT IS ORDERED** setting a Final Pretrial Conference in this case for **April 7, 2022 at 9:30 a.m.**

**IT IS FURTHER ORDERED** that the attorneys who will be responsible for the trial of the case shall attend the Final Pretrial Conference (to be held at 401 W. Washington Street, Phoenix, Arizona, Courtroom 606).

**IT IS FURTHER ORDERED** that the attorneys who will be responsible for the trial of the case shall:

(1) Prepare and sign a **joint** Proposed Final Pretrial Order and lodge it with the Court (by electronically filing a notice of lodging with the **joint** Proposed Final Pretrial Order attached) by **March 26, 2022**.

(2) In addition to lodging a copy of the **joint** Proposed Final Pretrial Order, the parties shall also submit a copy of the **joint** Proposed Final Pretrial Order in a Word compatible format to the chambers' e-mail address.[1]

**IT IS FURTHER ORDERED** that the content of the **joint** Proposed Final Pretrial Order shall include, but not be limited to, the content prescribed in the Proposed Final Pretrial Form of Order found on the Court's website at www.azd.uscourts.gov under Judges' Information/Orders, Forms and Procedures/Judge Rayes.

**IT IS FURTHER ORDERED** that, pursuant to Federal Rule of Civil Procedure 37(c), the Court will not allow the parties to offer an exhibit, a witness, or other information that was not: (1) disclosed in accordance with the provisions of this Order; (2) disclosed in accordance with the provisions of the Federal Rules of Civil Procedure; **and** (3) listed in the **joint** Proposed Final Pretrial Order; unless the offering party can show good cause as to why such party failed to comply with these requirements.

**IT IS FURTHER ORDERED** that the parties shall exchange drafts of the **joint** Proposed Final Pretrial Order **no later than fourteen (14) days before the submission deadline**.

**IT IS FURTHER ORDERED** that:

(1) the parties shall number exhibits as provided in the Exhibit Marking Instructions located on the Court's website at www.azd.uscourts.gov under Judges' Information/Orders, Forms and Procedures/Judge Rayes., and such numbers shall correspond to the numbers of exhibits listed in the **joint** Proposed Final Pretrial Order;

(2) **no later than fourteen (14) days before the submission deadline for the joint Proposed Final Pretrial Order**, the parties shall meet in person and exchange marked copies of all exhibits to be used at trial; any exhibit not marked and exchanged at this meeting shall be precluded at trial;[2] and

---

[1] Rayes_chambers@azd.uscourts.gov
[2] If there is any dispute as to the location of this meeting, it shall occur in this Court's jury room.

(3) while meeting to exchange exhibits, the parties shall eliminate any duplicate exhibits.[3]

**IT IS FURTHER ORDERED** that, if this case shall be tried to a jury, the parties shall file and serve all motions in limine (no more than 5 motions in limine per side) no later than **March 7, 2022**. Each motion in limine shall include the legal basis supporting it. Responses to motions in limine are due **March 17, 2022**. Motions in limine and Responses shall be no more than five (5) pages in length. **No replies will be permitted**. The attorneys for all parties shall come to the Final Pretrial Conference prepared to address the merits of all such motions.

**IT IS FURTHER ORDERED** that, if this case shall be tried to a jury, the parties shall complete the following tasks <u>by the time of the lodging of the **joint** Proposed Final Pretrial Order</u>:

(1) The parties shall file in a separate pleading a **stipulated-to** description of the case to be read to the jury;

(2) For purposes of voir dire, the parties shall provide a **joint** master list of the name of every witness who may be called at trial;

(3) The parties shall file in a **joint separate** pleading a proposed set of voir dire questions. The voir dire questions shall be drafted in a neutral manner. To the extent possible, the parties shall **stipulate to** the proposed voir dire questions. If the parties have any disagreement about a particular question, the party or parties objecting shall state the reason for their objection below the question.

(4) The parties shall file in a **joint separate** pleading a proposed set of jury instructions.[4]

(5) Each party shall file in a **separate** pleading a form of verdict to be given to the jury at the end of the trial.

**IT IS FURTHER ORDERED** that, if the case will be tried to a jury, in addition to filing with the Clerk of the Court, the parties shall also submit their **joint** proposed voir

---

[3] The exhibits do not need to be delivered to court at the final pretrial conference. They should be marked and given to the courtroom deputy by the morning trial begins.
[4] See Guidelines for Jury Instructions in Civil Cases located on the Court's website at www.azd.uscourts.gov under Judges' Information/Orders, Forms and Procedures.

- 3 -

dire questions, **stipulated-to** statement of the case, **joint** proposed jury instructions, and **separate** forms of verdict in a Word compatible format to the chambers' e-mail address.

**IT IS FURTHER ORDERED** that, if the case will be tried to the Court, each party shall lodge proposed findings of fact and conclusions of law by no later than three (3) days after the conclusion of trial. These proposed findings of fact and conclusions of law shall be submitted in both written copy and in a Word compatible format to the chambers' e-mail address.

**IT IS FURTHER ORDERED** that the parties shall keep the Court informed of the possibility of settlement and, should settlement be reached, the parties shall promptly present a Stipulation and Order of Dismissal for signature by the undersigned. Mere Notice of Settlement or notification by phone or e-mail of settlement shall not suffice to vacate the trial date, nor excuse the parties from being ready and able to proceed with trial at the time and on the date set for trial.

**IT IS FURTHER ORDERED** that, in order to facilitate the creation of an accurate record, the parties shall file a "Notice to the Court Reporter" one week before trial containing the following information that may be used at trial:

a. Proper names, including those of witnesses;
b. Acronyms;
c. Geographic locations;
d. Technical (including medical) terms, names, or jargon;
e. Case names and citations; and
f. Pronunciation of unusual or difficult words or names.

Further, counsel will advise Judge Rayes' Court Reporter if counsel would like to receive a real-time feed, daily turnaround, or any expedited transcript during any of the proceedings as soon as possible in order to ensure the proper paperwork is in place and arrangements made for a real-time test run **before** the actual proceeding. No real-time feed will be facilitated the day of trial. Counsel shall also send (or transmit electronically) to the Court Reporter a copy of the concordance from key depositions.

**IT IS FURTHER ORDERED** that this Court views compliance with the provisions of this Order as critical to its case management responsibilities and the responsibilities of the parties under Rule 1 of the Federal Rules of Civil Procedure.

Dated this 22nd day of September, 2021.

Douglas L. Rayes
United States District Judge