Joel B. Robbins, Esq. (011065)
Jesse M. Showalter, Esq. (026628)
**ROBBINS & CURTIN, p.l.l.c.**
301 East Bethany Home Road, Suite B-100
Phoenix, Arizona 85012
Tel: (602) 285-0100
Fax: (602) 265-0267
joel@robbinsandcurtin.com
jesse@robbinsandcurtin.com
*Attorneys for Putative Intervenor Lei Ann Stickney*

# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| Mussalina Muhaymin,<br><br>Plaintiff,<br><br>v.<br><br>City of Phoenix, et al.,<br><br>Defendants. | No. 2:17-cv-04565-DLR<br><br>**INTERVENOR LEI ANN STICKNEY'S MOTION TO INTERVENE AND MOTION TO MODIFY PROTECTIVE ORDER** |

Pursuant to Fed. R. Civ. P. 24(b), Lei Ann Stickney ("Ms. Stickney") hereby moves to intervene in this matter for the limited purpose of modifying the protective orders sealing all docket entries related to the Court's summary judgment ruling in this matter. Ms. Stickney joins in the motions to intervene and modify protective order that have already been filed at Dkt. 356, 357, and 358. Ms. Stickney seeks to intervene in her capacity as a plaintiff bringing her own claims against the City of Phoenix for the death of her son, Casey Wells.

**I.  Introduction.**

Our common law system requires that litigants have access to the facts of similar and related cases, the arguments made in those cases, and the ultimate rulings in such cases. This is especially true in civil rights cases brought under 42 U.S.C. § 1983.

Litigants seeking to hold a municipality liable for a civil rights violation are generally required to show a pattern of similar prior incidents. *See, e.g., City of Canton, Ohio v. Harris*,

Page 1 of 5

ROBBINS & CURTIN, P.L.L.C.
301 East Bethany Home Road, Suite B-100
Phoenix, Arizona 85012
Telephone: (602) 285-0100 ◆ Fax: (602) 265-0267

489 U.S. 378, 399 (1989). This showing cannot be made if the facts of litigated prior incidents are sealed.

Individual defendants in civil rights cases frequently assert that they are entitled to qualified immunity if the "unlawfulness of [their] conduct…was not clearly established." *Pearson v. Callahan*, 555 U.S. 223, 245, 129 S. Ct. 808, 823, 172 L. Ed. 2d 565 (2009). A plaintiff cannot contest an officer's claim of qualified immunity if the caselaw establishing the contours of a specific constitutional right has been sealed.

Ms. Stickney is the surviving mother of Casey Wells, who died on February 4, 2019, while being restrained by City of Phoenix police officers. Casey Wells had a history of drug use and mental illness. Casey died after he was handcuffed, hobbled, restrained, and tased by seven City of Phoenix police officers. Ms. Stickney filed a civil rights and wrongful death action against the City of Phoenix and individual Phoenix police officers that is currently pending in this district as *Stickney v. City of Phoenix, et al.*, 2:20-cv-01401-SMB (the "Stickney Lawsuit"). In the Stickney Lawsuit, Ms. Stickney is asserting that the City of Phoenix and individual officers violated Casey Wells' rights and caused his death.

Permissive intervention to modify the protective order is appropriate because the Stickney Lawsuit and this lawsuit involve common questions of fact and law. Ms. Stickney is attempting to prove that her son died as a result of the City of Phoenix's policies, customs, and training related to restraint and mental illness. In the Stickney Lawsuit, the individual officers have asserted the defense of qualified immunity. The summary judgment briefing, oral argument, and the Court's ruling on summary judgment are directly relevant to those issues.

**II.     Factual and procedural background of the Stickney Lawsuit.**

On February 4, 2019, Phoenix police officers responded to a call of a naked man standing on a residential Phoenix street. Officer Arnold—the first to arrive on scene—found Casey standing in the street, naked, and unarmed. Casey's arms were raised, and he was yelling at the sky, "talking to God." It was obvious that Casey was mentally or emotionally disturbed. Sgt. Rodarme arrived on scene next. Arnold and Rodarme attempted to arrest

Casey. When Casey pulled his arms away, a struggle ensued. Arnold and Rodarme grabbed Casey and took him to the ground. Casey struck his head on the asphalt.

Officers rolled Casey onto his stomach. One officer grabbed Casey's legs and bent them toward his buttocks. Casey was pinned face-down with five officers on top of him and with his left arm pinned beneath his body. Officer Seaquist deployed his taser into Casey's back four times. Casey's hands were handcuffed behind his back.

More officers arrived on scene. Casey remained laying face-down in handcuffs, "subdued," with five officers holding him down while two officers placed Casey's legs in RIPP Restraints. Officer Seaquist tased Casey a fifth time. Casey was restrained in handcuffs and had six officers applying force to hold him down.

Officer Seaquist then deployed his taser into Casey a fifth time, while Officers Arnold, Rodarme, Funston, Long, Haynes, and Yamane applied pressure to Casey's neck, back, and legs. Casey became unresponsive. He was transported to John C. Lincoln Hospital where he died.

The Maricopa County Medical Examiner determined that Casey's death was caused by "cardiac dysrhythmia and arrest due to methamphetamine intoxication, acute psychosis, arteriosclerotic cardiovascular disease, and physical restraint with prone positioning and possible extrinsic chest compression." The autopsy also revealed multiple fractures of the cartilage in Casey's neck.

Ms. Stickney filed suit against the City of Phoenix for the wrongful death of Casey. *See* Plaintiff's Second Amended Complaint, (*Stickney v. City of Phoenix, et al.*), Dkt. 1-3. That lawsuit is currently pending in this District before Judge Brnovich. The City of Phoenix moved to dismiss Ms. Stickney's claims. On March 23, 2021, the Court issued its order permitting Ms. Stickney's constitutional claims to proceed against the City of Phoenix and the individual officers. *See* Order, (*Stickney v. City of Phoenix, et al.*), Dkt. 37. Discovery is ongoing in the Stickney Lawsuit, and the City of Phoenix has not sought a protective order and the pleadings are not under seal.

In her lawsuit, Ms. Stickney alleges that the City of Phoenix's policies, customs, and practices caused Casey's death. Specifically relevant here, Ms. Stickney has alleged that the City of Phoenix failed to train its officers regarding the use of prone restraint and the dangers of positional asphyxia, and failed to train its officers regarding interactions with individuals who are "mentally disturbed, whether because of mental illness or intoxication." *Id.*, at p. 10. Ms. Stickney also alleged that Phoenix encouraged officers to escalate situations and created a culture of impunity that fostered the use of excessive force. *Id.*

Given the similarity between her own claims, and the claims brought in this suit, the summary judgment briefing, oral argument, and order in this case will most likely affect the controlling law in Ms. Stickney's suit against the City of Phoenix.

### III. The Court should permit Lei Ann Stickney to intervene for the limited purpose of modifying the protective orders and unsealing documents.

Ms. Stickney joins in the arguments for intervention and modification of the protective order already pending before the Court. *See* Dkts. 356, 357, and 358. Ms. Stickney also sets forth an additional basis for intervention and modification of the protective order: to protect the rights of other litigants and potential litigants with claims against the City of Phoenix.

### IV. Conclusion

Lei Ann Stickney respectfully requests that she be permitted to intervene in this matter for purposes of modifying the protective orders sealing the summary judgment order and the related briefing.

RESPECTFULLY SUBMITTED: September 27, 2021

          **Robbins & Curtin, p.l.l.c.**

          By: /s/ Jesse M. Showalter
             Joel B. Robbins
             Jesse M. Showalter
             301 E. Bethany Home Road, Suite B-100
             Phoenix, Arizona 85012
             *Attorneys for Putative Intervenor*
             *Lei Ann Stickney*

ROBBINS & CURTIN, P.L.L.C.
301 East Bethany Home Road, Suite B-100
Phoenix, Arizona 85012
Telephone: (602) 285-0100 ◆ Fax: (602) 265-0267

# CERTIFICATE OF SERVICE

I hereby certify that on September 27, 2021, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF system for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

| | |
|---|---|
| David A. Chami<br>Price Law Group, PC<br>8245 N. 85th Way<br>Scottsdale, AZ 85258<br>david@pricelawgroup.com<br>*Attorney for Plaintiff* | Daniel J. O'Connor<br>Travis Hill<br>O'Connor & Dyet PC<br>7955 S. Priest Drive<br>Tempe, AZ 85284<br>daniel.oconnor@occlaw.com<br>travis.hill@occlaw.com<br>*Attorneys for Defendants* |
| Brian J. Theut<br>Theut, Theut & Theut P.C.<br>5150 N. 16th Street, Suite B-236<br>Phoenix, AZ 85016<br>brian@theutlaw.com<br>*Attorneys for Plaintiff A.M.* | Sanaa Ansari<br>Muslim Advocates<br>P.O. Box 34440<br>Washington, D.C. 20043<br>sanaa@muslimadocates.org<br>*Attorneys for Putative Intervenor Muslim Advocates* |
| Gregg P. Leslie<br>Tayler Brown<br>ASU Sandra Day O'Connor College of Law<br>Public Interest Law Firm<br>111 E. Taylor Street, Mail Code 8820<br>Phoenix, AZ 85004<br>gregg.leslie@asu.edu<br>tbrown45@asu.edu<br>*Attorneys for Intervenor The Associated Press* | |

/s/ Julie W. Molera