Daniel J. O'Connor, Jr., Bar No. 010081
Travis B. Hill, Bar No. 021133
**O'CONNOR & DYET, P.C.**
7955 South Priest Drive
Tempe, Arizona   85284
daniel.oconnor@occlaw.com
travis.hill@occlaw.com
(602) 241-7000

*Attorneys for Defendants*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Mussalina Muhaymin as Personal Representative of the Estate of Muhammad Abdul Muhaymin Jr.,<br><br>Plaintiff,<br><br>vs.<br><br>City of Phoenix, an Arizona Municipal Corporation; Antonio Tarango; Officer Oswald Grenier; Officer Kevin McGowan; Officer Jason Hobe; Officer Ronaldo Canilao; Officer David Head; Officer Susan Heimbinger; Officer James Clark; Officer Dennis Lerous; Officer Ryan Nielson; Officer Steven Wong; and Doe Supervisors 1-5,<br><br>Defendants. | Case No.: 17-cv-04565-PHX-DLR<br><br>**DEFENDANTS' RESPONSE TO PUTATIVE INTERVENOR THE ASSOCIATED PRESS' MOTION TO INTERVENE**<br><br>Assigned to the<br>Honorable Douglas L. Rayes |

   Defendants City of Phoenix, Antonio Tarango, Officer Oswald Grenier, Officer Kevin McGowan, Officer Jason Hobel, Officer Ronaldo Canilao, Officer David Head, Officer Susan Heimbigner, Officer James Clark, Officer Dennis Leroux, Officer Ryan Nielsen, and Sgt. Steven Wong (collectively, the "Phoenix Defendants") submit their

response to Putative Intervenor The Associated Press' Motion to Intervene [Doc. 358] (the "Motion").

I. **INTRODUCTION**

The Associated Press seeks permissive intervention under Rule 24(b), Federal Rules of Civil Procedure, for purposes of challenging the Stipulated Protective Order entered by the Court more than two (2) and half years ago on May 8, 2019 [*See* Doc. 72]. The Associated Press further seeks to challenge Court Orders that sealed pleadings/materials filed in connection with various motions by the parties. Although the Motion includes request for the Court's recent ruling on Defendants' Motion for Summary Judgment, and related materials, the bulk of Associated Press' Motion clearly concerns "non-dispositive" matters that do not concern the merits of this case – or confer standing upon the Associated Press to intervene in this matter.

II. **LEGAL ARGUMENT**

    A. **The Court's Ruling on Defendants' Motion for Summary Judgment**

The Associated Press argues standing pursuant to a constitutional right under the First Amendment of the United States Constitution for access to judicial records. The United States Supreme Court held that the First Amendment affords the press a right of judicial access to ***criminal trials***. *Globe Newspaper Co. v. Superior Court,* 457 U.S. 596, 604-05, 102 S. Ct. 2613 (1982)(emphasis added); *Richmond Newspapers, Inc. v. Virginia*, 448 U.S. 55, 100 S. Ct. 2814 (1980). This case, however, is a civil matter.

The Phoenix Defendants acknowledge that a federal common law right of judicial access exists in civil proceedings. However, the federal common law right is limited, not "absolute" and, moreover, is not subject to the same level of protection afforded a constitutional right. *San Jose Mercury News, Inc. v. U.S. Dist. Court*, 187 F. 3d 1096, 1102 (9th Cir. 1999), citing *Valley Broadcasting Co. v. U.S. Dist. Court*, 798 F. 2d 1289, 1293 (9th Cir. 1986).

The common law right creates a presumption in favor of press access to court records under limited circumstances and with respect to "dispositive" rulings by the court. *Foltz v. State Farm Mut. Auto. Ins. Co.,* 331 F.3d 1122, 1135 (9th Cir. 2003); *Kamakana v. City and County of Honolulu*, 447 F. 3d 1172, 1179 (9th Cir. 2006); *Phillips v. General Motors Corp.*, 307 F. 3d 1206, 1213 (9th Cir. 2002). The presumption of press access to court records in civil proceedings does not exist and, in fact, is "rebutted" with respect to "non-dispositive" matters. *Id*. The Ninth Circuit has made clear that there are "good reasons to distinguish between dispositive and non-dispositive" rulings and, specifically, a district court that grants a protective order to seal documents during discovery has already determined that "good cause" exists to support the need for confidentiality. *Foltz*, 331 F.3d at 1135; *Kamakana*, 447 F. 3d at 1179-80, citing *Phillips*, 307 F.3d at 1213. Afterall, protective orders entered pursuant to Rule 26(c), Federal Rules of Civil Procedure, are intended to facilitate discovery in the case and the Rule expressly gives the district court much flexibility in balancing and protecting the interest of private parties in discovery. *Id*. at 1180.

Both *Foltz* and *Kamakana* concerned motions to unseal records filed by intervenors ***after*** the lawsuits were settled. This case, unlike *Foltz* and *Kamakana*, has not settled. The Court's ruling on Defendant's Motion for Summary Judgment [Doc. 352] was also not "dispositive" inasmuch as this case is proceeding to trial on April 25, 2022. Moreover, neither Phoenix Defendants nor Plaintiff appealed the Court's ruling. Accordingly, this is an active case that has not settled and there has not been any finality on the merits which, in turn, will be decided by a jury at trial beginning in less than seven (7) months. The parties, including Phoenix Defendants, retain an active interest in the confidentiality protections afforded under Rule 26(c) and the terms of the Protective Order with respect to the voluminous amount of materials and testimony produced throughout the course of discovery in this lawsuit.

Once this case proceeds to a trial in April 2022, the Associated Press and other media outlets will likely have access to that trial, subject to such terms and conditions as the Court

finds appropriate. At such time, the material evidence in this case will be presented in a court of law, before judge and jury, and the press will likely be in position to cover the trial on behalf of the public's interest.

### B. Court Records for "Non-Dispositive" Matters Under Seal

The Associated Press seeks a plethora of court sealed records, including many that the Associated Press cannot argue, and does not attempt to argue, are related to any "dispositive" ruling resulting in finality on the merits of this case. For example, the Motion seeks pleadings and supporting materials on Motions for Sanctions, Motions to Exclude (i.e., *Daubert* motions), Plaintiff's Proposed Second Amended Complaint, Plaintiff's Demand Letters and even "Materials Related to Decedent's Minor Child". *See* Motion, pp. 6-9.

None of these matters are "dispositive" or, even related to the merits of this case -- except possibly records relating to Mr. Muhaymin's minor child (which would be subject to protection due to the child's status as a minor). Moreover, the Court has ***not*** ruled on the parties' *Daubert* motions or the motion for sanctions. Under the Ninth Circuit holdings in *Foltz, Phillips,* and *Kamakana*, the presumption of press access to these sealed court records does ***not*** apply and, in fact, the presumption is that the press is ***not*** entitled to access these records. *Foltz*, 331 F. 3d. at 1135; *Phillips*, 307 F.3d at 1213; *Kamakana*, 447 F. 3d at 1179-80.[1]

The Court's recent ruling on the Motion for Summary Judgment did not result in finality of this case as evidenced by the fact that trial commences in April 2002. As held by

---

[1] The Ninth Circuit more recently addressed the "carve-out" for "non-dispositive" motions and held that some non-dispositive matters may be so "strongly correlative to the merits of a case" as to require the presumption of judicial access absent compelling reasons. *The Center for Auto Safety v. Chrysler Group, LLC*, 809 F. 3d 1092, 1099 (9th Cir. 2016). However, unlike *Chrysler Group*, which concerned a motion for preliminary injunction that was directly related to the merits of the case, the non-dispositive matters sought by the Associated Press are not "strongly correlative to the merits" and, in fact, not even remotely related to the merits of this case (with possible exception of materials related to Mr. Muhaymin's minor child and for which compelling reasons exist to retain the seal).

- 4 -

*Kamakana*, public access to sealed records, not directly relevant to the merits of the case, "would eviscerate the 'broad power of the district court to fashion protective orders'". *Kamakana*, 447 F. 3d at 1180, citing *Phillips*, 307 F. 3d. at 1213. For these reasons, the Phoenix Defendants respectfully submit that the Motion filed by the Associated Press should be denied.

In the event the Court orders that any ruling, pleadings and/or materials should be unsealed, Phoenix Defendants respectfully submit it should not be a "blanket" unsealing for several reasons and, therefore, request a Hearing and/or an opportunity to brief the Court to determine necessary redactions of private/confidential information prohibited from disclosure, i.e., information related to the minor child and private/confidential information that cannot be disclosed. Because the Court previously ordered the briefing and exhibits filed under seal in their entirety, the parties did not redact private/confidential information at the time of filing. Moreover, Phoenix Defendants respectfully renews their objection and motion to strike exhibits that Plaintiff included in her Separate/Controverting Statement of Facts, including entire deposition transcripts of numerous parties and witnesses that are not and should not be part of a public record.

**C.** **The Motion is Untimely**

In addition to the issue of standing, the Associated Press' Motion is untimely. In determining whether a motion for intervention is timely, a court must consider three factors: (1) the stage of the proceeding at which an applicant seeks to intervene; (2) the prejudice to other parties; and (3) the reason for and length of delay. *San Jose Mercury News*, 187 F.3d at 1100-01. In measuring delay, the inquiry looks to when the intervenor first became aware that its interests would no longer be protected by the parties. *Id.*, citing *Public Citizen v. Liggett Group, Inc.*, 858 F.2d 775, 785 (1st Cir. 1988). In cases such as here where the parties agreed to the terms of a Stipulated Protective Order, thereby limiting what materials and

information were generally available to the public, the intervenor knew or should have known that public access was restricted once that Order was entered. *Id.*

In this case, the Stipulated Protective Order was entered on May 8, 2019 (*See* Doc. 072) – more than two (2) and a half years ago. Moreover, the sealed court records sought by the Associated Press, including those related to the Motion for Summary Judgment, were filed long ago (i.e., motion for sanctions filed in September 2020, motion for summary judgment filed in December 2020, *Daubert* motions filed in April 2021). The Associated Press offers no reason for such lengthy period of delay in seeking to intervene in this matter.

Furthermore, there is prejudice. This is a case where discovery is closed, pleadings are closed, motion practice is closed (except for motions *in limine*) and trial begins in a few months in April 2022. Phoenix Defendants' efforts should be dedicated to preparing for trial rather than responding to an untimely motion to intervene filed by the Associated Press.

## III. <u>CONCLUSION</u>

For reasons set forth above, Phoenix Defendants respectfully request that the Motion to Intervene by the Associated Press be denied. It was premature for the Associated Press to file a Motion to Unseal Records without first obtaining an Order allowing intervention. Accordingly, the Motion to Unseal Records should be summarily denied on grounds that the Associated Press lacks standing to intervene in this matter and such other grounds set forth herein in denying the Associated Press' Motion to Intervene.

In the event the Court permits intervention by the Associated Press, and despite the premature filing of the Motion to Unseal Records without an Order allowing intervention in this matter, Phoenix Defendants have responded to the Motion to Unseal Records in a separately filed response [Doc. 366], incorporated herein by this reference.

/ / /

/ / /

/ / /

RESPECTFULLY SUBMITTED this 1st day of October, 2021.

**O'CONNOR & DYET, P.C.**

By: */s/ Travis B. Hill*
    Daniel J. O'Connor, Jr.
    Travis B. Hill
    *Attorneys for Defendants*

**CERTIFICATE OF SERVICE**

I hereby certify that on October 1, 2021, I electronically filed the foregoing with the Clerk of the Court for the U.S. District Court, District of Arizona, using the CM/ECF System. A Notice of Electronic Filing will be served to the following registered participants:

| | |
|---|---|
| David A. Chami<br>PRICE LAW GROUP, APC<br>8245 N. 85th Way<br>Scottsdale, AZ 85258<br>*Attorney for Plaintiff* | Haytham Faraj<br>LAW OFFICES OF HAYTHAM FARAJ<br>1935 W Belmont Ave.<br>Chicago, IL 60657<br>*Attorney for Plaintiff* |
| Brian J. Theut<br>THEUT, THEUT & THEUT<br>5150 North 16th Street<br>Phoenix, AZ 85016<br>*Guardian Ad Litem and Statutory Representative for A. M.* | Gregg P. Leslie<br>Tayler Brown<br>First Amendment Clinic<br>Public Interest Law Firm<br>Arizona State University<br>Sandra Day O'Connor College of Law<br>111 E. Taylor St., Mail Code 8820<br>Phoenix, AZ 85004<br>*Attorneys for Intervenor* |

By: */s/ Dara J. Wilson*