**WO**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Mussalina Muhaymin, et al., | No. CV-17-04565-PHX-DLR |
| Plaintiffs, | **ORDER** |
| v. | |
| City of Phoenix, et al., | |
| Defendants. | |

Before the Court are three motions to intervene for the limited purpose of moving to unseal judicial records.  (Docs. 357, 358, 363.)  These motions were filed by Muslim Advocates, the Associated Press, and Lei Ann Stickney, respectively (collectively "Proposed Intervenors").   Each motion contains two requests: (1) for permission to intervene in this matter and (2) for the Court to unseal judicial records.  The Court will grant the first request in full and grant the second request in part.

## I.     Permissive Intervention

"Nonparties seeking access to a judicial record in a civil case may do so by seeking permissive intervention[.]" *San Jose Mercury News, Inc. v. U.S. Dist. Court—N. Dist. (San Jose)*, 187 F.3d 1096, 1100 (9th Cir. 1999).  Federal Rule of Civil Procedure 24(b) governs permissive intervention and provides, in relevant part, that "on timely motion, the court may permit anyone to intervene who . . . has a claim or defense that shares with the main action a common question of law or fact."  Thus, "[p]ermissive intervention *to litigate a*

*claim on the merits* under Rule 24(b) requires (1) an independent ground for jurisdiction; (2) a timely motion; and (3) a common question of law and fact between the movant's claim or defense and the main action." *Beckman Industries, Inc. v. International Ins. Co.*, 966 F.2d 470, 473 (9th Cir. 1992) (emphasis added). But when permissive intervention is sought only for the limited purpose of moving to unseal judicial records—rather than to litigate claim on the merits—the first and third elements do not apply. *Id.* at 473-74. Instead, the Court's discretion is guided by the timeliness of the motion and "whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b)(3).

Defendants oppose the Proposed Intervenors' motions to intervene, arguing that Muslim Advocates and Stickney lack "standing" to intervene because they do not have a sufficient interest in this litigation, that all Proposed Intervenors waited too long to intervene, and that intervention at this time would unduly prejudice the existing parties by diverting resources away from trial preparation. (Docs. 364, 365, 371.)

The Court rejects the first argument; as already noted, a non-party moving to intervene solely for the purpose of accessing records need not show a nexus of fact or law with the main action. *Beckman*, 966 F.2d at 474. Moreover, the public has a common law right to access court records. *San Jose Mercury News*, 187 F.3d at 1100. As members of the public, all Proposed Intervenors have "standing," to use Defendants' chosen term, to seek such access.

The Court also finds all three motions timely. Here, the motions to intervene were filed less than two years after the Court first began sealing documents in this case (Doc. 99), and mere weeks after the Court sealed its order on Defendants' summary judgment motion (Doc. 352), which, together with the summary judgment briefing, are the highest priority items to which the Proposed Intervenors seek access. (Doc. 358 at 6.) "[D]elays measured in years have been tolerated where an intervenor is pressing the public's right of access to judicial records." *San Jose Mercury News*, 187 F.3d at 1101.

1    Lastly, the Court does not find Defendants' arguments concerning prejudice to be
2    persuasive.  The mere fact that Defendants will need to explain why the relevant records
3    should remain sealed is not, itself, unduly prejudicial.  It is, after all, their burden to
4    establish that either good cause or compelling reasons justify curtailing the public's right
5    to access judicial records.  Moreover, the Court recently rescheduled the trial in this matter
6    to begin on April 25, 2022.  (Doc. 359.)  This schedule leaves plenty of time to adjudicate
7    the merits of the Proposed Intervenors' motions to unseal without adversely impacting the
8    parties' trial preparations.

9    For these reasons, all three Proposed Intervenors will be granted permission to
10   intervene for the limited purpose of seeking to unseal records in this case.

11   **II.    Propriety of Sealing Judicial Records**

12   The public has a right to access judicial records.  *San Jose Mercury News*, 187 F.3d
13   at 1101.  The Court therefore begins "with a strong presumption in favor of access to court
14   records." *Foltz v. State Farm Mut. Auto Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003).  A
15   party seeking to overcome this presumption and file a judicial record under seal generally
16   must provide a compelling reason for doing so.  *Ctr. for Auto Safety v. Chrysler Grp., LLC*,
17   809 F.3d 1092, 1096 (9th Cir. 2016).  Examples of compelling reasons "include when a
18   court record might be used to gratify private spite or promote public scandal, to circulate
19   libelous statements, or as sources of business information that might harm a litigant's
20   competitive standing." *Id.* (internal quotations and citation omitted).  A movant's reason
21   for seeking to seal a judicial record must be supported by an articulable factual basis, rather
22   than "hypothesis or conjecture." *Id.* at 1096-97 (internal quotations and citation omitted).

23   The Ninth Circuit has carved out an exception to this general rule "for sealed
24   materials attached to a discovery motion unrelated to the merits of the case." *Id.* at 1097.
25   A party seeking to seal such materials "need only satisfy the less exacting 'good cause'
26   standard." *Id.*  Although earlier decisions from the Ninth Circuit sometimes used the words
27   "dispositive" and "non-dispositive" to describe the dividing line between those records
28   governed by the compelling reasons standard and those governed by the good cause

standard, the Ninth Circuit has since clarified that "[t]he focus . . . is on whether the motion at issue is more than tangentially related to the underlying cause of action." *Id.* at 1099. Sometimes non-dispositive motions are unrelated or only tangentially related to the merits of a case; other times they "are strongly correlative to the merits of a case." *Id.* The exception to the ordinary compelling reasons standard applies only to judicial records that are unrelated or merely tangentially related to the merits of a case. Sealing a record that is more than tangentially related to the merits of a case requires a compelling justification.

Using this framework, the Court will address each sealed docket entry.

Docket Entry 99, filed under seal on November 20, 2019, is a Notice of Deposition of a minor, A.M., filed by Defendants. This record was sealed because it contains the minor's full name in violation Fed. R. Civ. P. 5.2, which requires such information to be redacted. (Docs. 299, 300.) When confronted with such non-compliant filings, it is the undersigned's practice to seal the document containing the private information and to order the filing party to publicly file a version of the document that redacts the private information. In this case, it appears that the Court ordered the non-compliant filing to be sealed, but did not order that a publicly available, redacted version be filed. Accordingly, Docket Entry 99 will remain sealed, but Defendants will be required to publicly file a version of the document that complies with Rule 5.2.

Docket Entry 114-1, filed under seal on February 18, 2020, consists of Exhibits A-J to Defendants' Objection to Plaintiff's motion to extend the expert disclosure deadline. These exhibits were filed under seal because they contain private information that should have been redacted per Rule 5.2. (Doc. 129, 131.) Docket Entry 114-1 will remain sealed, and there is no need for Defendants to publicly file redacted versions because redacted versions are already available on the public docket at Docket Entry 129-1.

Docket Entry 155, filed under seal on March 27, 2020, consists of Exhibits A and B to Defendants' Memorandum Re: Confidential Designation of Deposition Transcripts and Videotapes. These filings are only tangentially related to the merits of the case. These exhibits were sealed because they are settlement-related communications. (Doc. 115, 154.)

1   Courts have recognized "a compelling need to protect settlement offers."  *See Huang v.*
2   *Behpour*, No. 11-cv-00456-SOM, 2012 WL 3201952, at *1 (D.Haw. Aug. 2, 2012); *Hunt*
3   *v. Continental Casualty Co.*, No. 13-cv-05966-HSG, 2015 WL 5355398, at *2 (N.D. Cal.
4   Sep. 14, 2015).  Docket Entry 155 will remain sealed.

5           Docket Entry 157, filed under seal on March 27, 2020, consists of Exhibits A and B
6   to Defendants' Notice of Petition to Appoint Legal Representative on Behalf of Minor
7   Child Pursuant to A.R.S. § 14-1408(A) and Motion to Stay Proceedings Until Legal
8   Representative is Appointed for Minor Child.  In particular, these exhibits are records from
9   the Maricopa County Superior Court regarding the Petition for Appointment of Legal
10  Representative on Behalf of a Minor Child Pursuant to A.R.S. § 14-1408(A).   These
11  records were sealed because they contain "private information pertaining to decedent's
12  minor daughter[.]"  (Doc. 134, 156.)  These records are only tangentially related to the
13  merits of this case.   Indeed, the underlying motion to which they correspond was
14  subsequently withdrawn. (Doc. 149, 151.)  Nevertheless, nothing in the record indicates
15  that these records were sealed in state court, and if they are matters of public record in state
16  court then there appears to be no reason to seal them here.  Moreover, the only private
17  information the Court can identify in these exhibits that is not already referenced in the
18  publicly available motion at Docket Entry 133 appears to be the minor's full name.
19  Accordingly, although Docket Entry 157 will remain sealed, Defendants are directed to
20  publicly file versions of these documents that redact private information covered by Rule
21  5.2.

22          Docket Entry 162, filed under seal on March 31, 2020, is Exhibit A to Defendants'
23  Notice of Pending Stipulated Motion for Appointment of Statutory Representative for
24  Minor.  The Exhibit is a copy of a stipulated motion filed in Maricopa County Superior
25  Court.  It was filed under seal because it "contains private and sensitive information
26  pertaining to decedent's minor daughter[.]"  (Docs. 159, 161.)  This record is only
27  tangentially related to the merits of this case.  Nevertheless, nothing in the record indicates
28  that this record was sealed in state court, and if it is a matter of public record in state court

then there appears to be no reason to seal it here.  Moreover, the only private information referenced in this document that is not already referenced in the publicly available Notice at Docket Entry 158 appears to be the minor's full name.  Accordingly, although Docket Entry 162 will remain sealed, Defendants are directed to publicly file a version of this document that redacts private information covered by Rule 5.2.

Docket Entry 169, filed under seal on April 15, 2020, is Exhibit A to Defendants' Notice re: Order Appointing Statutory Representative for Minor.  It was filed under seal because it "contains private and sensitive information pertaining to decedent's minor daughter[.]" (Docs. 166, 168.)  This record is only tangentially related to the merits of this case.  Nevertheless, nothing in the record indicates that this record was sealed in state court, and if it is a matter of public record in state court then there appears to be no reason to seal it here.  Moreover, the only private information in the exhibit that is not already publicly available is the minor's full name.  Accordingly, although Docket Entry 169 will remain sealed, Defendants are ordered to publicly file a version of this record that redacts any private information covered by Rule 5.2.

Docket Entry 186, filed under seal on June 2, 2020, is Exhibit A to Defendants' Supplement to Memorandum Re: Confidential Designation of Deposition Transcripts and Videotapes and Expedited Motion for Protective Order and Order to Cease/Desist and Remove Public Postings.  This filing is only tangentially related to the merits of this case.  This record was sealed because it is a settlement-related communication. (Docs. 180, 185.)  Accordingly, Docket Entry 186 will remain under seal.

Docket Entry 192, filed under seal on June 10, 2020, is Plaintiff's Motion for Leave to File Second Amended Complaint.  Docket Entry 197, filed under seal on June 24, 2020, is Defendants' response to Plaintiff's Motion for Leave to File Second Amended Complaint.  And Docket Entry 211, filed under seal on August 25, 2020, is Plaintiff's reply in support of her Motion for Leave to File Second Amended Complaint.  In the Court's judgment, a motion seeking leave to amend a complaint is more than merely tangentially related to the merits of the case, and therefore compelling reasons are required before

sealing such records.  These documents were sealed for two reasons: (1) they contain and/or reference information designated as confidential by Defendants pursuant to the parties' protective order and (2) Defendants voiced concerns that Plaintiff's counsel intended to use this material to spread misinformation about and incite public disapproval of Defendants.  (Doc. 191, 196, 197.)  The Court will address each reason in turn.

First, a party's designation of a document as confidential pursuant to a protective order is not, without more, a compelling reason or good cause for sealing that document once it is used to support a submission with the Court.  *See San Jose Mercury News*, 187 F.3d at 1103 ("Such blanket orders are inherently subject to challenge and modification, as the party resisting disclosure generally has not made a particularized showing of good cause with respect to any individual document."); *Marsteller v. MD Helicopter Inc.*, No. CV-14-01788-PHX-DLR, 2017 WL 5479927, at *2 (D. Ariz. Nov. 15, 2017) ("Ordinarily . . . a party's designation of a document as confidential is not *per se* good cause.").  Once a party decides to use a document to support a filing with the Court, the party asserting confidentiality must show either good cause or compelling reasons (depending on the nature of the filing) for sealing the record and cannot merely rely on the fact that the party subjectively believes the document is confidential and has chosen to designate it as such.  Indeed, paragraph 17 of the parties' protective order reflects this rule:

> In the event a party wishes to use any Confidential Information in any papers filed in this action, that Party shall make a motion to file such papers under seal with the Court pursuant to Local Rule of Civil Procedure 5.6, that sets forth the articulated bases with specific factual findings demonstrating the compelling reasons for sealing materials attached to dispositive motions and/or the good cause for sealing other attached or used materials.

(Doc. 72 at 7.)  So, too, do this District's Local Rules of Practice.  *See* LRCiv. 5.6(b), (d). And even if good cause or compelling reasons justify shielding *some* information in an exhibit or motion from public view, it is inappropriate to shield the entire document. Instead, it is the undersigned's practice to order that an appropriately redacted version of the document be publicly filed.  Thus, the bare assertion that these filings contain and/or

reference material designated by Defendants as confidential pursuant to the protective order is inadequate to justify sealing the filings.

Second, there are rules governing extrajudicial statements made by lawyers. *See* Ariz. R. Prof. Conduct E.R. 3.6; LRCiv. 83.8.  If the Court finds that an attorney has violated these rules, the Court may issue appropriate sanctions.  But such sanctions are meant to address the misconduct and deter future violations.  Interested members of the public should not be penalized for an attorney's misconduct by having their rights to access judicial record curtailed.  Thus, Defendants' concerns about potentially inappropriate extrajudicial communications by Plaintiff's counsel is not, standing alone, a sufficient reason to seal judicial records.  For these reasons, Docket Entries 192, 197, and 211 will be unsealed on December 1, 2021 unless, before then, the party asserting confidentiality publicly submits proposed redacted versions and shows compelling reasons for the proposed redactions.

Docket Entry 235, filed under seal on October 5, 2020, is Exhibit A to Defendants' Notice of Pending Stipulated Motion for Production of Certain Documents Pursuant to A.R.S. § 8-807(K).  It was filed under seal because it contains the full name of a minor in violation of Rule 5.2.  (Doc. 230, 234.)  This document will remain sealed, but Defendants are required to publicly file a version of the document that complies with Rule 5.2.

Docket Entry 237, filed under seal on October 8, 2020, is Defendant's Expedited Motion for Protective Order and Motion for Sanctions.  Docket Entry 251, filed under seal on January 8, 2021, is Defendants' reply brief in connection with this motion.  These filings are only tangentially related to the merits of the case.  Docket Entry 237 was filed under seal because it contains and/or references information designated by Defendants as confidential pursuant to the protective order.  (Docs. 236, 238.)  This, alone, is not good cause.  Docket Entry 237 will be unsealed on December 1, 2021 unless, before then, Defendants publicly submit a proposed redacted version and show good cause for the proposed redactions.  Docket Entry 251 was filed under seal because it contains and/or references information designated by Defendants as confidential and because it contains or

references settlement-related communications. (Docs. 250, 290.)  The settlement-related communications are properly sealed, but the remainder is not.  Accordingly, Docket Entry 251-4 will remain sealed, but the remainder of Docket Entry 251 will be unsealed on December 1, 2021 unless, before then, Defendants publicly submit a proposed redacted version and show good cause for the proposed redactions.

Docket Entry 263, filed under seal on November 23, 2020, is an order setting a telephonic oral argument on Defendant's Expedited Motion for Protective Order and Motion for Sanctions.  No party moved to seal this document, nothing on the docket explains why this order is sealed, and upon review the Court finds that nothing in the order needs to be sealed.  Docket Entry 263 is unsealed.

Docket Entry 265, filed under seal on December 2, 2020, is the minute entry from the oral argument on Defendant's Expedited Motion for Protective Order and Motion for Sanctions.  Nothing on the docket explains why this minute entry is sealed, and the Court sees nothing in the minute entry that needs to be sealed.  Docket Entry 265 is unsealed.

Docket Entry 271, filed under seal on December 11, 2020, is the Court's order on Defendants' Expedited Motion for Protective Order and Motion for Sanctions.  This order is only tangentially related to the merits of the case.  Nothing on the docket explains why this order is sealed, but it appears that it was sealed because it references information designated as confidential by Defendant.  But the mere fact that a party designates something as confidential is not, by itself, good cause.  Docket Entry 271 will be unsealed on December 1, 2021 unless, before then, any party asserting confidentiality shows good cause for sealing or redacting it.

Docket Entries 273, 274, and 275, filed under seal on January 8, 2021, are Defendants' motion for summary judgment, separate statement of facts, and exhibits. These filings are central to the merits of the case.  They were sealed because they contain and/or reference information designated as confidential by Defendants.  (Doc. 272, 287.) But this, alone, is not a compelling reason to seal a dispositive motion.  Docket Entries 273, 274, and 275 will be unsealed on December 1, 2021 unless, before then, Defendants

publicly submit proposed redacted versions and show compelling reasons for the proposed redactions.

Docket Entries 291 and 292, filed under seal on February 1, 2021, are Plaintiff's response in opposition to Defendants' motion for summary judgment, separate statement of facts, and exhibits. These documents were filed under seal because they contain and/or reference information designated as confidential by Defendants. (Doc. 287.) This, alone, is not a compelling reason. Docket Entries 291 and 292 will be unsealed on December 1, 2021 unless, before then, the party asserting confidentiality submits proposed redacted versions and shows compelling reasons for the proposed redactions.

Docket Entry 298, filed under seal on March 2, 2021, is Defendants' reply in connection with their summary judgment motion. This record was sealed for the same reason the motion and response briefing was sealed. Docket Entry 298 will be unsealed on December 1, 2021 unless, before then, the party asserting confidentiality publicly submits a proposed redacted version and shows compelling reasons for the proposed redactions.

Docket Entries 313, 315, 316, 317, 319, 326, 327, 328, 337, 338, 339, and 346 comprise the briefing on four separate motions to exclude expert testimony. In the Court's judgment, these motions are more than tangentially related to the merits of the case and, therefore, require compelling reasons for being sealed. These documents were sealed because they contain and/or reference information designated by the parties as confidential pursuant to the protective order. (Docs. 302, 305, 312, 320, 325, 343, 345.) These reasons are insufficient. Docket Entries 313, 315, 316, 317, 319, 326, 327, 328, 337, 338, 339, and 346 will be unsealed on December 1, 2021 unless, before then, the party asserting confidentiality publicly submits proposed redacted versions and shows compelling reasons for the proposed redactions.

Docket Entry 332 is a sealed minute entry for a May 4, 2021 hearing. This minute entry was sealed because the underlying hearing was sealed, and the underlying hearing was sealed because it concerned pleadings that had been sealed. (Doc. 324.) Having

1   reviewed the minute entry, the Court concludes that it contains nothing that needs to be
2   sealed.  Docket Entry 332 is unsealed.
3           Docket Entry 335, filed under seal on May 4, 2021, is a motion for sanctions filed
4   by Defendants.  This motion is only tangentially related to the merits of the case.  It was
5   sealed because it contains and/or references documents that were designated as confidential
6   by Defendants pursuant to the protective order.  (Doc. 329, 334.)  This alone is not good
7   cause.  Docket Entry 335 will be unsealed on December 1, 2021 unless, before then, the
8   party asserting confidentiality publicly submits a proposed redacted version and shows
9   good cause for the proposed redactions.
10          Docket Entry 352 is the Court's order on Defendants' motion for summary
11  judgment.  This order is central to the merits of the case.  It was filed under seal because
12  the underlying summary judgment briefing was sealed.  The Court does not find it
13  appropriate to seal a dispositive order absent a truly compelling justification.  Docket Entry
14  352 will be unsealed on December 1, 2021 unless, before then, any party asserting
15  confidentially shows compelling reasons for sealing or redacting it.
16          **IT IS ORDERED** that the motions filed by Muslim Advocates, the Associated
17  Press, and Lei Ann Stickney (Docs. 357, 358, 363) are **GRANTED** to the extent they seek
18  permission to intervene in this matter for the limited purpose of moving to unseal judicial
19  records.
20          **IT IS FURTHER ORDERED** the motions filed by Muslim Advocates, the
21  Associated Press, and Lei Ann Stickney (Docs. 357, 358, 363) are **GRANTED IN PART**
22  and **DENIED IN PART** to the extent they seek to unseal court records as follows:
23          1.  The following docket entries will remain under seal: Doc. 99, Doc. 144-1, Doc.
24              155, Doc. 157, Doc. 162, Doc. 169, Doc. 186, Doc. 235, Doc. 251-4.
25          2.  By no later than **December 1, 2021**, the initially filing party shall publicly file
26              redacted versions of the following docket entries in a manner that complies with
27              Federal Rule of Civil Procedure 5.2: Doc. 99, Doc. 157, Doc. 162, Doc. 169,
28              Doc. 235.

3.  The Clerk of the Court is directed to immediately unseal the following: Doc. 263, Doc. 265, Doc. 332.

4.  The Clerk of the Court is directed to unseal Doc. 271 on **December 1, 2021** unless, before then, any party asserting confidentiality shows good cause for sealing or redacting it.

5.  The Clerk of the Court is directed to unseal the following docket entries on **December 1, 2021** unless, before then, the party asserting confidentiality publicly submits a proposed redacted version and shows either good cause or compelling reasons (depending on the nature of the filing) for the proposed redactions: Doc. 192, Doc. 197, Doc. 211, Doc. 237, Doc. 251 (except Doc 251-4, which will remain sealed), Doc. 273, Doc. 274, Doc. 275, Doc. 291, Doc. 292, Doc. 298, Doc. 313, Doc. 315, Doc. 316, Doc. 317, Doc. 319, Doc. 326, Doc. 327, Doc. 328, Doc. 335, Doc. 337, Doc. 338, Doc. 339, Doc. 346.

6.  The Clerk of the Court is directed to unseal Doc. 352 on **December 1, 2021** unless, before then, any party asserting confidentiality shows compelling reasons for sealing or redacting it.

**IT IS FURTHER ORDERED** that, going forward, all parties should take special care to comply with Rule 5.2 to avoid the needless sealing of documents that easily could and should have been redacted in the first place.

**IT IS FURTHER ORDERED** that, going forward, any party moving to seal a document must show either good cause or compelling reasons (depending on the nature of the filing) for such relief.  The mere fact that a party has designated information as confidential is not, without more, good cause or a compelling reason.  Furthermore, documents will not be sealed in their entirety if good cause or compelling reasons justify sealing only discrete portions.  In such circumstances, publicly available redacted versions of the relevant documents will be required.

/ / /

/ / /

1       **IT IS FURTHER ORDERED** that the parties' Stipulated Motion Regarding

2   Sealed Pleadings (Doc. 374) is **DENIED WITHOUT PREJUDICE**.  The parties should

3   confer and, if appropriate, may submit a revised stipulation that accounts of the

4   requirements of this order.

5       Dated this 2nd day of November, 2021.

6

7

8

9

10                      Douglas L. Rayes

                    United States District Judge

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28