EXHIBIT 2

Exhibit A

1  Daniel J. O'Connor, Jr., Bar No. 010081
   Karen J. Stillwell, Bar No. 022711
2  **O'CONNOR & DYET, P.C.**
   7955 South Priest Drive
3  Tempe, Arizona 85284
   daniel.oconnor@occlaw.com
4  karen.stillwell@occlaw.com
   (602) 241-7000
5
6  *Attorneys for Interested Parties, City of Phoenix,*
   *Antonio Tarango, Officer Oswald Grenier,*
7  *Officer Kevin McGowan, Officer Jason Hobel,*
   *Officer Ronaldo Canilao, Officer David Head,*
8  *Officer Susan Heimbigner, Officer James Clark,*
   *Officer Dennis Leroux, Officer Ryan Nielsen,*
9  *and Officer Steven Wong*
10
11              **IN THE SUPERIOR COURT OF MARICOPA COUNTY**
12                    **FOR THE STATE OF ARIZONA**
13                                          Case No.:
14
   *In re* A.M.              *, a minor child*    **PETITION FOR APPOINTMENT OF**
15                                          **LEGAL REPRESENTATIVE FOR**
16                                          **MINOR IN CONNECTION WITH**
                                            **ONGOING FEDERAL LAWSUIT**
17                                          **PURSUANT TO A.R.S. § 14-1408(A)**
18
19          Interested parties, City of Phoenix, Antonio Tarango, Officer Oswald Grenier,
20  Officer Kevin McGowan, Officer Jason Hobel, Officer Ronaldo Canilao, Officer David
21  Head, Officer Susan Heimbigner, Officer James Clark, Officer Dennis Leroux, Officer
22  Ryan Nielsen, and Sergeant Steven Wong (collectively "Phoenix Defendants"), hereby
23  Petition for Appointment of Legal Representative for Minor in connection with ongoing
24  Federal Lawsuit pursuant to A.R.S. § 14-1408. Attached in support of this Petition is an
25  Affidavit of Karen J. Stillwell, as **Exhibit A**.
26

**A. BACKGROUND**

On December 8, 2017, a wrongful death and Section 1983 lawsuit was filed by Mussalina Muhaymin, as Personal Representative for the Estate of Muhammad Abdul Muhaymin, Jr., acting on behalf of the statutory beneficiaries. *See Muhaymin v. City of Phoenix, et al.,* 17-cv-04565-PHX-SMB, District Court of Arizona ("the federal lawsuit"). The federal lawsuit was filed against the City of Phoenix, ten individual police officers, and a City of Phoenix employee. Muhammad Muhaymin, Jr. had two children at the time of his death: an adult son and a minor daughter, A.M.                   ("A.M.").

The only individuals who can claim damages (and try to recover) in the aforementioned federal lawsuit would be the statutory beneficiaries – the adult son and A.M. As the parties participated in discovery and depositions in the federal lawsuit, it was discovered that A.M. is involved in an ongoing Juvenile Dependency action in Maricopa County Superior Court, believed to be under case number JD27750.[1] It is undersigned counsel's understanding that A.M. has been placed with plaintiff, Mussalina Muhaymin (the Personal Representative) in a kinship placement; however, Ms. Muhaymin has no legal authority to act on behalf of or bind A.M. in the federal lawsuit. Similarly, it is undersigned counsel's understanding that A.M.'s mother does not have legal authority to act on behalf of or bind A.M. in the federal lawsuit, in light of the ongoing Juvenile Dependency action.

It remains unclear whether A.M. also has a legal representative appointed in the Juvenile Dependency action, who could represent her interests, and the authority to make decisions on her behalf, in the ongoing federal lawsuit. It is unknown whether there has been any notice to the parties involved in the Juvenile Dependency that this lawsuit has been filed, purportedly on A.M.'s behalf as a statutory beneficiary.

---

[1] Undersigned counsel does not have access to the pleadings or related information to JD27750, and it is believed that A.M. may be involved in more than one juvenile action.

During a recent private mediation in the federal lawsuit, it was apparent that A.M. did not have her own legal representative involved, who had the authority to negotiate and/or make settlement decisions on her behalf, as a statutory beneficiary. Finally, in light of the ongoing Juvenile Dependency action(s), it is unclear who can execute medical authorizations on her behalf in the course of discovery for the federal lawsuit.[2]  In recent conversations with plaintiff's counsel in the federal lawsuit, he was also unaware of a legal representative who could execute authorizations and act on A.M.'s behalf.

**B. APPOINTMENT OF A LEGAL REPRESENTATIVE IS NECESSARY TO ACT IN A.M.'S BEST INTERESTS AND TO BIND AND ACT ON HER BEHALF IN THE FEDERAL LAWSUIT.**

Arizona Revised Statutes §14-1408(A) provides that the Court may appoint a representative "to receive notice, give consent and otherwise represent, bind and act on behalf of a minor . . ." where the Court determines an interest is not represented or the available representation is inadequate. In recent conversations with plaintiff's counsel in the federal lawsuit, he was unaware of any legal representative to act on A.M.'s behalf.  On behalf of Defendants in the federal lawsuit, *Muhaymin v. City of Phoenix, et al.*, pending in the Arizona District Court, Case No. 17-cv-04565-PHX-SMB, it is imperative that A.M. have a legal representative appointed to bind and act on her behalf, execute authorizations on her behalf, and make monetary or strategic decisions in connection with the federal lawsuit on her behalf.

**C. CONCLUSION**

Accordingly, undersigned counsel requests that the Court appoint a legal representative who can bind and act on behalf of the minor, A.M., in connection with

---

[2] In the federal lawsuit, Plaintiff has claimed that A.M. allegedly suffered mental health conditions as a result of her father's death, thereby subjecting A.M.'s medical records and juvenile dependency records to discovery.

1 | *Muhaymin v. City of Phoenix, et al.*, pending in the Arizona District Court, case no. 17-cv-
2 | 04565-PHX-SMB.

3 |      RESPECTFULLY SUBMITTED this 2nd day of March, 2020.

4 |                         **O'CONNOR & DYET, P.C.**

5 |

6 |                         By:
                             Daniel J. O'Connor, Jr.

7 |                              Karen J. Stillwell
                             *Attorneys for Interested Parties,*

8 |                              *City of Phoenix, Antonio Tarango,*
                             *Officer Oswald Grenier, Officer*

9 |                              *Kevin McGowan, Officer Jason*

10 |                              *Hobel, Officer Ronaldo Canilao,*
                             *Officer David Head, Officer Susan*

11 |                              *Heimbigner, Officer James Clark,*

12 |                              *Officer Dennis Leroux, Officer*
                             *Ryan Nielsen, and Sgt. Steven Wong*

13 | **Original** of the foregoing filed this
14 | 2nd day of March, 2020, with:

15 | Clerk of the Court
16 | Maricopa County Superior Court
Central Court Building, 1st floor
17 | 201 West Jefferson
Phoenix, AZ 85003
18 |

19 | **Courtesy copy** of the foregoing
sent by email March 2, 2020, to:

20 |

21 | David A. Chami
PRICE LAW GROUP, APC
22 | 8245 N. 85th Way
Scottsdale, AZ 85258
23 | david@pricelawgroup.com
Attorney for Plaintiff Mussalina Muhaymin,
24 | as Personal Representative of the Estate of
25 | Muhammad Abdul Muhaymin, Jr.

26 |

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

Haytham Faraj
Law Offices of Haytham Faraj
1935 W Belmont Ave.
Chicago, IL 60657
haytham@farajlaw.com
Attorney for Plaintiff Mussalina Muhaymin,
as Personal Representative of the Estate of
Muhammad Abdul Muhaymin, Jr.

By: _____

# *Exhibit A*

1  Daniel J. O'Connor, Jr., Bar No. 010081
   Karen J. Stillwell, Bar No. 022711
2  **O'CONNOR & DYET, P.C.**
3  7955 South Priest Drive
   Tempe, Arizona  85284
4  daniel.oconnor@occlaw.com
   karen.stillwell@occlaw.com
5  (602) 241-7000

6
   *Attorneys for Interested Parties, City of Phoenix,*
7  *Antonio Tarango, Officer Oswald Grenier,*
   *Officer Kevin McGowan, Officer Jason Hobel,*
8  *Officer Ronaldo Canilao, Officer David Head,*
   *Officer Susan Heimbigner, Officer James Clark,*
9  *Officer Dennis Leroux, Officer Ryan Nielsen,*
   *and Officer Steven Wong*
10

11
                   **IN THE SUPERIOR COURT OF MARICOPA COUNTY**
12
                            **FOR THE STATE OF ARIZONA**
13
                                                    Case No.:
14
15  *In re* A.M.              , *a minor child*    **AFFIDAVIT OF KAREN J.**
                                                   **STILLWELL IN SUPPORT OF**
16                                                 **PETITION FOR APPOINTMENT OF**
                                                   **LEGAL REPRESENTATIVE FOR**
17                                                 **MINOR PURSUANT TO A.R.S. §14-**
                                                   **1408(A) IN CONNECTION WITH**
18                                                 **ONGOING FEDERAL LAWSUIT**
19

20
    STATE OF ARIZONA     )
21                       ) ss.
22  County of Maricopa   )

23        1.    Karen J. Stillwell being first duly sworn upon her oath, deposes and says:

24        2.    I am an attorney duly licensed to practice law in the State of Arizona; my

25  State Bar Number is 022711.

26        3.    I am a partner at the law firm of O'Connor & Dyet, P.C.

1        4.    I am over the age of 18 and am duly authorized to make this affidavit.

2        5.    I make this Affidavit in support of a petition for appointment of a legal

3    representative pursuant to A.R.S. §14-1408 for minor A.M. ▮▮▮▮▮▮▮, in connection

4    with an ongoing federal lawsuit.

5        6.    This Affidavit is based upon my personal knowledge regarding the

6    federal lawsuit and claims made in the federal lawsuit pertaining to the minor.

7        7.    On December 8, 2017, a wrongful death and Section 1983 lawsuit was

8    filed by Mussalina Muhaymin, as Personal Representative for the Estate of Muhammad

9    Abdul Muhaymin, Jr., acting on behalf of the statutory beneficiaries. *See Muhaymin v.*

10   *City of Phoenix, et al.,* 17-cv-04565-PHX-SMB, District Court of Arizona ("the federal

11   lawsuit").

12       8.    The federal lawsuit was filed against the City of Phoenix, ten individual

13   police officers, and a City of Phoenix employee. Muhammad Muhaymin, Jr. had two

14   children at the time of his death: an adult son and a minor daughter, A.M. ▮▮▮▮▮

15   ("A.M.").

16       9.    The only individuals who can claim damages (and try to recover) in the

17   aforementioned federal lawsuit would be the statutory beneficiaries – the adult son and

18   A.M.

19       10.    As the parties participated in discovery and depositions in the federal

20   lawsuit, it was discovered that A.M. is involved in an ongoing Juvenile Dependency

21   action, believed to be under case number JD27750.[1]

22       11.    It is undersigned counsel's understanding that A.M. has been placed with

23   Mussalina Muhaymin (the Personal Representative) in a kinship placement; however,

24

25

26   [1] Undersigned counsel does not have access to the pleadings or related information to JD27750, and it is believed that A.M. may be involved in more than one juvenile action.

Ms. Muhaymin has no legal authority to act on behalf of or bind A.M. in the federal lawsuit.

12.   It remains unclear whether A.M. also has a legal representative appointed in the Juvenile Dependency action, who could represent her interests, and the authority to make decisions on her behalf, in the ongoing federal lawsuit.

13.   It is unknown whether there has been any notice to the parties involved in the Juvenile Dependency that this lawsuit has been filed, purportedly on A.M.'s behalf as a statutory beneficiary.

14.   During a recent private mediation in the federal lawsuit, it was apparent that A.M. did not have her own legal representative involved, who had the authority to negotiate and/or make settlement decisions on her behalf, as a statutory beneficiary.

15.   In light of the ongoing Juvenile Dependency action(s), it is unclear who can execute medical authorizations on her behalf in the course of discovery for the federal lawsuit.[2]

16.   In recent conversations with plaintiff's counsel in the federal lawsuit, he was unaware of any legal representative to act on A.M.'s behalf.

17.   On behalf of the Defendants in the federal lawsuit, it is imperative that A.M. have a legal representative appointed to bind and act on her behalf, execute authorizations on A.M.'s behalf, and make monetary or strategic decisions in connection with the federal lawsuit on her behalf.

18.   It is also imperative for A.M. to have her own legal representative who can make decisions in her best interests and who can act and bind her in this lawsuit.

_____

[2] In the federal lawsuit, Plaintiff has claimed that A.M. allegedly suffered mental health conditions as a result of her father's death, thereby subjecting A.M.'s medical records and juvenile dependency records to discovery.

1        19.   I have read the foregoing and believe the facts contained therein to be

2    true and correct.

3        FURTHER AFFIANT SAYETH NOT

4

5    
    Karen J. Stillwell

6        SUBSCRIBED AND SWORN TO BEFORE me this _2ⁿ_ day of March, 2020.

7

8    _____

9        Notary Public

10   My commission expires:

11

12   **TIFFANY GILL**
     **NOTARY PUBLIC, ARIZONA**
     **MARICOPA COUNTY**
     **My Commission Expires**
     **January 21, 2022**

13

14

15

16

17

18

19

20

21

22

23

24

25

26

Exhibit B

1  Daniel J. O'Connor, Jr., Bar No. 010081
2  Karen J. Stillwell, Bar No. 022711
   Jared M. Scarbrough, Bar No. 022011
3  **O'CONNOR & DYET, P.C.**
   7955 South Priest Drive
4  Tempe, Arizona 85284
5  daniel.oconnor@occlaw.com
   karen.stillwell@occlaw.com
6  jared.scarbrough@occlaw.com
   (602) 241-7000
7
8  *Attorneys for Defendants*

9           **IN THE UNITED STATES DISTRICT COURT**

10              **FOR THE DISTRICT OF ARIZONA**

11  Mussalina Muhaymin as Personal           Case No.: 17-cv-04565-PHX-SMB
    Representative of the Estate of
12  Muhammad Abdul Muhaymin Jr.,

13                                            **AFFIDAVIT OF KAREN J.**
            Plaintiff,                        **STILLWELL IN SUPPORT OF**
14                                            **DEFENDANTS' NOTICE OF**
                                              **PETITION TO APPOINT LEGAL**
15       vs.                                  **REPRESENTATIVE ON BEHALF OF**
                                              **MINOR CHILD PURSUANT TO A.R.S.**
16  City of Phoenix, an Arizona Municipal     **§ 14-1408(A)**
    Corporation; Antonio Tarango; Officer
17  Oswald Grenier; Officer Kevin
    McGowan; Officer Jason Hobel; Officer                **AND**
18  Ronaldo Canilao; Officer David Head;
    Officer Susan Heimbigner; Officer James   **MOTION TO STAY PROCEEDINGS**
19  Clark; Officer Dennis Leroux; Officer     **UNTIL LEGAL REPRESENTATIVE IS**
    Ryan Nielson; Officer Steven Wong; and              **APPOINTED**
20  Doe Supervisors 1-5,
21
            Defendants.
22
23

24  STATE OF ARIZONA      )
                          ) ss.
25  County of Maricopa    )

26
          1.     Karen J. Stillwell being first duly sworn upon her oath, deposes and says:

2.     I am an attorney duly licensed to practice law in the State of Arizona; my State Bar Number is 022711.

3.     I am a partner at the law firm of O'Connor & Dyet, P.C.

4.     I am over the age of 18 and am duly authorized to make this affidavit.

5.     I make this Affidavit in support of Defendants' Notice of Petition to Appoint Legal Representative on behalf of Minor Child Pursuant to A.R.S. § 14-1408 and Motion to Stay Proceedings Until Legal Representative is Appointed.

6.     This Affidavit is based upon my personal knowledge regarding the claims made in this matter pertaining to the minor, A.M.

7.     This lawsuit was filed by Decedent's sister as personal representative of his Estate. Dkt. No. 16, ¶ 7.

8.     It is vaguely mentioned that she is acting as personal representative of his Estate, on behalf of the statutory beneficiaries. Dkt. No. 16, ¶ 8.

9.     Decedent's Estate has two statutory beneficiaries – an adult son and a minor daughter, █████A.M.█████ ("A.M").

10.    Through the discovery process, undersigned counsel learned that A.M. has been in and out of foster care since she was a young child (believed to be as early as 1.5 years old).

11.    Undersigned counsel also learned there is a Juvenile Dependency action pending in the Maricopa County Superior Court, wherein A.M. is a ward of the State of Arizona. *See* Maricopa County Superior Court, JD JD27750[1].

12.    A.M. has recently been living with plaintiff as a kinship placement.

---

[1] Undersigned counsel does not have access to the pleadings or related information to JD27750 and it is believed A.M. may be involved in more than one juvenile action.

13.   Undersigned counsel recently discussed with plaintiff's counsel obtaining medical authorizations for A.M. to evaluate her alleged damages pertaining to this litigation[2].

14.   Plaintiff's counsel agreed that plaintiff, Mussalina Muhaymin, does not have the legal authority to sign medical authorizations and neither does A.M.'s mother, in light of the ongoing Juvenile Dependency action.

15.   Plaintiff's counsel was not aware of any legal representative who had the authority to act on behalf of A.M.

16.   During a recent private mediation, *only* plaintiff and her counsel were present.  It did not appear that there was a separate legal representative acting on behalf of A.M., or making decisions for A.M., in the course of settlement discussions.

17.   On March 2, 2020, pursuant to A.R.S. §14-1408(A), a Petition for Appointment of Legal Representative for A.M. was filed in the Maricopa County Superior Court.

18.   On behalf of Phoenix Defendants, it is imperative that a legal representative be appointed to act on A.M.'s behalf, to execute medical authorizations on her behalf, and to bind her on any decisions made in the course of this litigation.

19.   Since A.M. a minor child, and a ward of the State of Arizona, there are no family members who have legal authority to sign an authorization permitting the release of A.M.'s medical records or juvenile dependency records.

20.   Neither counsel for Plaintiff nor Defendants, can subpoena A.M.'s medical records without a properly executed authorization from a person with the legal authority to execute the authorization.  Therefore, absent a legal representative or Court

---

[2] Plaintiff has claimed in this action, that A.M. sustained mental health conditions as a result of her father's death, thereby subjecting A.M.'s medical records and juvenile dependency records to discovery.

- 3 -

1   Order, the parties are unable to obtain relevant documents to evaluate A.M.'s claims in

2   this matter.

3          21.   I have read the foregoing and believe the facts contained therein to be

4   true and correct.

5          FURTHER AFFIANT SAYETH NOT

6

7                                          Karen J. Stillwell

8          SUBSCRIBED AND SWORN TO BEFORE me this 2nd day of March, 2020.

9

10

11                                         Notary Public

12   My commission expires:

13

14          TIFFANY GILL
            NOTARY PUBLIC, ARIZONA
15          MARICOPA COUNTY
            My Commission Expires
            January 21, 2022
16

17

18

19

20

21

22

23

24

25

26