EXHIBIT 5

# EXHIBIT A

C O P Y
Original Filed On:

SEP 29 2020

CLERK OF SUPERIOR COURT
JUVENILE CENTER
DURANGO FACILITY

1  Daniel J. O'Connor, Jr., Bar No. 010081
   Karen J. Stillwell, Bar No. 022711
2  **O'CONNOR & DYET, P.C.**
   7955 South Priest Drive
3  Tempe, Arizona 85284
4  daniel.oconnor@occlaw.com
   karen.stillwell@occlaw.com
5  (602) 241-7000
6  *Attorneys for Interested Parties*

7  David A. Chami
   PRICE LAW GROUP, APC
8  8245 N. 85th Way
9  Scottsdale, AZ 85258
   david@pricelawgroup.com
10 *Attorney for Plaintiff Mussalina Muhaymin,*
11 *as Personal Representative of the Estate of*
   *Muhammad Abdul Muhaymin, Jr.*
12
   Brian J. Theut
13 THEUT, THEUT & THEUT
14 5150 North 16th Street
   Phoenix, AZ 85016
15 brian@theutlaw.com
16 *Guardian Ad Litem for* ▮A.M.▮
   *in Juvenile Dependency JD27750*
17
                    **ARIZONA SUPERIOR COURT**
18
                        **MARICOPA COUNTY**
19
   In the Matter of:                    Case No.: JD27750
20
         ▮A.M.▮,
21                                      **STIPULATED MOTION FOR**
                                        **PRODUCTION OF CERTAIN COURT**
22                                      **RECORDS PURSUANT TO**
   (DOB: 04/09/2006)                    **A.R.S. § 8-807 (K)**
23
24                                      **EXPEDITED RULING REQUESTED**
25
                                        (Assigned to the
26                                      Honorable Lori Bustamante)

Interested Parties, City of Phoenix, Antonio Tarango, Officer Oswald Grenier, Officer Kevin McGowan, Officer Jason Hobel, Officer Ronaldo Canilao, Officer David Head, Officer Susan Heimbigner, Officer James Clark, Officer Dennis Leroux, Officer Ryan Nielsen, and Officer Steven Wong (hereinafter "Interested Parties"), David Chami, as counsel for Mussalina Muhaymin, Personal Representative of Muhammad Abdul Muhaymin, Jr.'s estate, and Brian J. Theut, as Guardian ad Litem for A.M. in JD27750, by and through undersigned counsel, hereby stipulate and move this Court for production of limited court records pursuant to A.R.S. §8-807(K). This Motion is supported by the following Memorandum of Points and Authorities.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. BACKGROUND

A.M. ("A.M.") is the daughter of Muslimah Shaheed ("Mother") and Muhammad Abdul Muhaymin, Jr. ("Father"). On January 4, 2017, Father died. A.M. is currently 14 years old, is a ward of the State of Arizona, and is currently living with Mussalina Muhaymin as kinship placement. It is counsel's understanding that A.M. has a long history with Department of Child Services and there may have been one or more Juvenile Dependency action(s) related to A.M. including but not limited to, JD27750.

### II. PROBATE ESTATE

Mussalina Muhaymin (A.M.'s Aunt) has been appointed as the Personal Representative of A.M.'s Father's Probate Estate. The only beneficiaries of the Probate Estate are Muhammad Muhaymin, Jr.'s two children:

(1) Muhammad Muhaymin, III, who is an adult; and

(2) A.M., who is a minor child and a ward of the State of Arizona.

Mussalina Muhaymin, in her capacity as the Personal Representative of the Probate Estate, filed a wrongful death and Section 1983 lawsuit against Interested Parties, which is currently pending in the District Court of Arizona, Case No. 17-cv-04565-PHX-SMB,

styled *Muhaymin v. City of Phoenix, et al.* ("Federal Lawsuit"). The damages alleged in the Federal Lawsuit encompasses the purported losses experienced and claims by the children following their Father's death.

### III.  JUVENILE DEPENDENCY ACTION

It is unknown to the parties when the Juvenile Dependency action involving A.M. was initially opened or if there is/was more than on Juvenile action involving A.M. Upon information and belief, the Juvenile Dependency action was, at a minimum, initiated prior to 2014, as documents from Arizona Department of Corrections indicate A.M.'s Father was notified of hearings pertaining to A.M., while he was incarcerated in 2014 and 2015.

On or about May 22, 2017, attorney Brian J. Theut was appointed as the Guardian Ad Litem for A.M. in this Juvenile Dependency action. Mr. Theut has also been appointed to represent A.M.'s interests in the Probate Estate for her Father, and was recently appointed to represent A.M.'s interest in the Federal Lawsuit.

### IV.  CLAIMS ON BEHALF OF A.M. IN FEDERAL LAWSUIT

It is unknown whether her Father had any legal rights to A.M. prior to his death, or whether guardianship, visitation, child support, and/or services were ordered by the Court, or whether her Father's legal rights were terminated. In light of testimony provided by A.M. in connection with the Federal Lawsuit, claims and alleged damages of ▇, the status of A.M.'s Father's legal rights have been placed at issue in the Federal Lawsuit. In order to fully understand and evaluate A.M.'s claims and alleged damages, the parties to the Federal Lawsuit are in need of complete and unredacted certified copies of Court documents pertaining to her Father's legal rights to A.M., prior to his death on January 4, 2017. Specifically, any Court Order addressing his legal rights, whether modifying his legal rights, or terminating/severing his legal rights prior to 2017.

Since A.M. is a minor child, and is under the protective custody of the State of Arizona, there are no family members who have legal authority to access this information, nor does any family member, or even the appointed Guardian Ad Litem, have the ability to obtain and produce the Court records. Given A.M.'s status as a ward of the State of Arizona, there is a heightened responsibility to maintain a high level of confidentiality concerning A.M.'s Court records. Therefore, absent a Court Order, the parties are unable to obtain these relevant documents to evaluate A.M.'s claims in the Federal Lawsuit.

## V. LEGAL ARGUMENT

Pursuant to Arizona Revised Statutes § 8-541 "all files, records, reports and other papers compiled in accord with this article, whether filed in or in possession of the court, a child placement agency or other agency or association, are subject to disclosure pursuant to §§ 8-807..."

With respect to the release of A.M.'s records, Arizona Revised Statutes § 8-807(K) provides "the department or a person who is not specifically authorized by this section to obtain DCS information may *petition a judge of the superior court to order the department to release DCS information*. The plaintiff shall provide notice to the county attorney and to the attorney and guardian ad litem for the child, who have standing and may participate in the action. *The court shall review the requested records in camera and shall balance the rights of the parties who are entitled to confidentiality pursuant to this section against the rights of the parties who are seeking the release of the DCS information. The court may release otherwise confidential DCS information only if the rights of the parties seeking DCS information and any benefits from releasing the DCS information outweigh the rights of the parties who are entitled to confidentiality and any harm that may result from releasing the DCS information*. The court shall take reasonable steps to prevent any clearly unwarranted invasions of privacy and protect the privacy and

dignity of victims of crime pursuant to article II, section 2.1, subsection C, Constitution of Arizona." Emphasis added.

## VI. CONCLUSION

The parties stipulate and agree to the Court producing limited Court records, pursuant to A.R.S. §8-807 (K), as they relate to Father's legal parental rights for purposes of the pending Federal Lawsuit. The parties further agree that any and all records produced by the Court pertaining to A.M., are highly sensitive and will be deemed Confidential under the protective order in the Federal Lawsuit.

DATED: September 29, 2020.



O'CONNOR & DYET, P.C.

By: _____
Daniel J. O'Connor, Jr.
Karen J. Stillwell
*Attorneys for Interested Parties*

**PRICE LAW GROUP, APC**

By:_____
David A. Chami
*Attorneys for Personal Representative of the Estate of Muhammad A. Muhaymin, Jr.*

**THEUT, THEUT & THEUT**

By:_____
Brian J. Theut
*Guardian ad Litem for* A.M.

1  dignity of victims of crime pursuant to article II, section 2.1, subsection C, Constitution of
2  Arizona." Emphasis added.

### VI.  CONCLUSION

The parties stipulate and agree to the Court producing limited Court records, pursuant to A.R.S. §8-807 (K), as they relate to Father's legal parental rights for purposes of the pending Federal Lawsuit. The parties further agree that any and all records produced by the Court pertaining to ▮▮▮, are highly sensitive and will be deemed Confidential under the protective order in the Federal Lawsuit.

DATED: _____.

O'CONNOR & DYET, P.C.

By:_____
Daniel J. O'Connor, Jr.
Karen J. Stillwell
*Attorneys for Interested Parties*

PRICE LAW GROUP, APC

By:_____
David A. Chami
*Attorneys for Personal Representative of the Estate of Muhammad A. Muhaymin, Jr.*

THEUT, THEUT & THEUT

By:_____
Brian J. Theut
*Guardian ad Litem for* A.M.

1 dignity of victims of crime pursuant to article II, section 2.1, subsection C, Constitution of
2 Arizona." Emphasis added.

### VI. CONCLUSION

The parties stipulate and agree to the Court producing limited Court records, pursuant to A.R.S. §8-807 (K), as they relate to Father's legal parental rights for purposes of the pending Federal Lawsuit. The parties further agree that any and all records produced by the Court pertaining to ████, are highly sensitive and will be deemed Confidential under the protective order in the Federal Lawsuit.

DATED: _____.

                        **O'CONNOR & DYET, P.C.**

                        By:_____
                            Daniel J. O'Connor, Jr.
                            Karen J. Stillwell
                            *Attorneys for Interested Parties*

                        **PRICE LAW GROUP, APC**

                        By:_____
                            David A. Chami
                            *Attorneys for Personal Representative of the Estate of Muhammad A. Muhaymin, Jr.*

                        **THEUT, THEUT & THEUT**

                        By: *[signature]*
                            Brian J. Theut
                            *Guardian ad Litem for* A.M. ████

**ORIGINAL** of the foregoing filed with the Court this 29th day of September, 2020, and copy hand-delivered to:

The Honorable Lori Bustamante
Maricopa County Superior Court
3131 W. Durango Street
Phoenix, AZ 85009

**COPIES** of the foregoing emailed this same day to:

Anndrea S. Kawamura
Ameer Maheri
Angela Railsback
ARIZONA ATTORNEY GENERAL'S OFFICE
Protective Services Section
2005 N. Central Avenue
Phoenix, AZ 85004
Anndrea.kawamura@azag.gov
Ameer.maheri@azag.gov
Angela.Railsback@azag.gov

Leslie Klass
OFFICE OF THE LEGAL ADVOCATE
222 N. Central Ave., Suite 154
Phoenix, AZ 85004
Leslie.Klass@Maricopa.gov
*Guardian Ad Litem for* [REDACTED A.M.]
*in JD27750*

**COPIES** of the foregoing mailed this same day to:

Joshua Fulkerson
Arizona Department of Child Safety
4000 N. Central Ave., Suite 400
Phoenix, AZ 85012
*Caseworker for* [REDACTED A.M.]

Thomas Vierling
VIERLING LAW OFFICE
4340 E. Indian School Road, Suite 21-502

- 6 -

1  Phoenix, AZ 85018
   *Attorney for* A.M.
2
3  Amie Clarke
   Arizona Law Practice, LLC
4  2432 W. Peoria Avenue, Suite 1340
   Phoenix, AZ 85029-4741
5  *Attorney for Muslimah Shaheed*

6  By: *Aly Shomar-Esparza*
7

- 7 -